PETITION OF THE DEPARTMENT OF PUBLIC WELFARE TO DISPENSE WITH CONSENT TO ADOPTION. July 2, 1979. This is an appeal from the denial of a motion to vacate a decree entered under G. L. c. 210, § 3, dispensing with the consent of a mother to her daughter's adoption. The motion as filed in the Probate Court alleged improper service of process and lack of knowledge or notice of this proceeding.

1. The mother's claim of improper service cannot be sustained. By filing a general appearance and by failing to raise the defense of insufficiency of service of process in her answer, she has waived such defense. *Buckley* v. *John,* 314 Mass. 719, 722 (1943).

2. Counsel for the mother when questioned by this court acknowledged that she had had actual notice of the proceedings and that the only claim being asserted was a lack of knowledge as a matter of law because of improper service. Thus, the only question raised by this appeal which was also before the judge on the motion to vacate was the defense of improper service, a defense which was waived as a matter of law. There is, therefore, no issue upon which findings of fact were necessary. Contrast *Custody of a Minor (No. 1),* 377 Mass. 876, 877, 885-886 (1979).

3. The mother also attempts to challenge as unconstitutional the presumption contained in the third paragraph of G. L. c. 210, § 3(c), namely, that if certain conditions are met, the best interests of the child will be served by the issuance of a decree dispensing with the need for parental consent. However, this claim was not raised before the probate judge and is, therefore, not properly before us. *Commonwealth* v. *Proctor,* 355 Mass. 504, 506 (1969). *Milton Sav. Bank* v. *Amelung,* 5 Mass. App. Ct. 801 (1977).

*Decree affirmed.*

*Frank J. Lafayette* for the respondent.

*E. Michael Sloman,* Assistant Attorney General, for the Department of Public Welfare.

*Robert D. Fleischner* for the minor.

FRANK SALVATORE & another *vs.* CITY OF NORTHAMPTON & another. July 2, 1979. Inasmuch as the plaintiffs' appeal from the denial of their motion for counsel fees, costs and expenses, brought under G. L. c. 231, § 6F, should have been directed to a single justice of this court pursuant to the provisions of G. L. c. 231, § 6G, rather than to a panel of the Justices, the appeal is hereby transferred to a single justice.

*So ordered.*

*Edward J. McMahon* for the plaintiffs.