ENID BAILEY *vs.* PAUL SHRIBERG & others.[1]

No. 89-P-385.

Suffolk. November 16, 1990. - August 26, 1991.

Present: ARMSTRONG, PERRETTA, & GILLERMAN, JJ.

*Civil Rights*, Availability of remedy, Attorney's fees. *Emotional Distress.*
*Nuisance. Actionable Tort. Damages*, Emotional distress, Nuisance.
*Practice, Civil*, Frivolous action, Appeal, Attorney's fees. *Appeals*
*Court*, Appeal from order of single justice.

At the trial of a claim under G. L. c. 12, §§ 11H and 11I, the State civil
    rights law, the judge's finding that the defendants' actions were not
    threats, intimidation, or coercion in violation of the plaintiff's civil
    rights, and his rejection of the plaintiff's claim that certain conduct by
    the defendants was "motivated by racial animus," were not clearly er-
    roneous. [279]
On a counterclaim by defendants seeking to recover damages from a
    neighbor for nuisance and intentional infliction of emotional distress,
    the evidence did not warrant a finding that the emotional distress
    caused to the defendants was of the requisite severity to make out the
    tort in question and, in the absence of physical injury to any of the
    defendants, the judge could not properly have awarded damages for
    emotional distress under the nuisance claim. [279-280]
Defendants who prevailed in defending a civil rights complaint were not
    entitled to recover attorney's fees under G. L. c. 12, § 11I. [281-282]
This court announced that in future cases in which an award of attorney's
    fees under G. L. c. 231, § 6F, is incorporated in a final judgment rather
    than in a separate order, the award of attorney's fees must be appealed
    separately to a single justice, and that where a single appeal is filed
    with a panel of this court it shall be treated only as an appeal from
    those portions of the judgment that are within the panel's jurisdiction
    (i.e., the portions other than the award of attorney's fees under § 6F);
    however, where the instant appeal qualified as a timely appeal under
    G. L. c. 231, § 6G, and might have been directed to a single justice of
    this court as an appeal under that section, and as injustice might other-
    wise result from a confusing statutory scheme as contrasted with neg-
    lect of counsel, this court exercised its discretion in transferring the ap-
    peal to the single justice for consideration of the remaining issue. [282-
    284]

[1] Florence and Leslie Shriberg, Paul's wife and daughter, respectively.

CIVIL ACTION commenced in the City of Boston Division of the Housing Court Department on September 11, 1986.

The case was tried before *Patrick J. King*, J.

*Burton A. Nadler* for the plaintiff.

*James A. Frieden* for the defendants.

ARMSTRONG, J. This case concerns an acrimonious dispute between neighbors on a street in the Hyde Park section of Boston. The Shribergs complained repeatedly to the police and other officials concerning dogs barking and radios blaring at the home, twenty feet from their own, of Bailey. Bailey, who is black, filed this complaint alleging violations of the State civil rights law (G. L. c. 12, §§ 11H and 11I), abuse of process, and intentional infliction of emotional distress. The Shribergs counterclaimed, alleging nuisance and intentional infliction of emotional distress. The judge made extensive findings, which are based on adequate evidence and are not clearly erroneous,[2] from which he concluded that Bailey's behavior was extreme, outrageous, and, while arising in part from her extreme sensitivity, defensiveness, and paranoid tendency, was intended to cause and did cause emotional upset to the Shribergs. He found that the Shribergs' complaints to the police were justified, and he disbelieved Bailey's testimony concerning racial slurs by the Shribergs. Judgment was entered dismissing Bailey's claims. The judgment on the counterclaim awarded the Shribergs $20,000 in the aggregate on the claim for intentional infliction of emotional distress, declared the existence of a nuisance but awarded no additional damages therefor (regarding them as duplicative), and awarded the Shribergs attorney's fees under G. L. c. 12, § 11I, and c. 231, § 6F, in the amount

---

[2]Bailey argues that the evidence did not support a statement in the judge's findings characterizing Bailey as "mentally impaired." The source was a psychologist who testified, as Bailey's witness, to the emotional distress she suffered due to the Shribergs' harassment. The judge accepted the psychologist's evaluation of her hypersensitive nature without accepting that the Shribergs were its cause. As to the characterization "mentally impaired," a reading of the judge's findings as a whole demonstrates that he did not misinterpret the psychologist's analysis as one suggesting mental illness.

of $18,500, plus court costs of $1,919.23. Bailey filed an appeal from the judgment ten days after its entry.

## Bailey's Complaint.

We reject Bailey's argument that the trial judge should have ruled in her favor on her civil rights claim; such a ruling was not compelled by the evidence, as Bailey appears to argue. The judge's finding that the Shribergs' actions were not threats, intimidation, or coercion in violation of her civil rights, and his rejection of Bailey's claim that the Shribergs' complaints to the police and the courts about her barking dogs and loud radio were "motivated by racial animus," were not clearly erroneous.

## The Shribergs' Complaint.

1. *Intentional infliction of emotional distress.* There is no question that the findings supported the judge's conclusion that two of the elements of the tort (as to which, see *Agis* v. *Howard Johnson Co.*, 371 Mass. 140, 144-145 [1976]) were made out: conduct intended to cause and in fact causing emotional distress. The other elements are more subject to doubt: that the conduct was extreme and outrageous, beyond all possible bounds of decency; and that the emotional distress suffered was severe, "of a nature 'that no reasonable man could be expected to endure it.' " *Id.* at 145. Extreme and outrageous conduct was found in *Boyle v. Wenk*, 378 Mass. 592, 594-596 (1979), where the defendant "attempt[ed] to intentionally shock and harm" the plaintiff, knowing that she was just out of the hospital and in a weakened condition (and in fact causing physical injury); and in *Simon* v. *Solomon*, 385 Mass. 91, 97-98 (1982)(landlord's indifference, over a period of years to repeated floodings of the plaintiff's basement apartment by sewage). There may possibly be some analogy here in the pervasiveness of the noise created by Bailey and the testimony that the Shriberg parents were elderly and frail. The question need not be pursued. There was no evidence that the emotional distress caused to the Shribergs was of the requisite severity. The

Shriberg parents did not testify. The daughter testified merely that her parents were upset and "up tight" about the situation. Their loss of sleep was said to be due to the dogs' barking, not emotional upset. The same was true of the daughter, who described herself as "disgusted," "annoyed," "fed up," "tired," and "rundown." Contrast *Simon* v. *Solomon*, 385 Mass. at 93-94, where the plaintiff was described as having been left " 'withdrawn,' 'depressed,' and 'ashamed,' unable to work or to care for her children. She began to spend much of her time in a darkened bedroom, crying . . . and was in need of substantial psychiatric treatment." There was no evidence of physical injury to any of the Shribergs. Contrast *Boyle* v. *Wenk*, 378 Mass. at 594, 596. The tort described in *Agis* v. *Howard Johnson Co.* was not, on this evidence, made out.

The judge, having assessed emotional distress damages under the count for intentional infliction, treated damages under the nuisance count as duplicative. The damages he found for emotional distress cannot be awarded as such under the nuisance count in the absence of evidence of physical injury. *Harrison* v. *Textron, Inc.*, 367 Mass. 540, 555-556 & n.13 (1975). *Schleissner* v. *Provincetown*, 27 Mass. App. Ct. 392, 396 n.4 (1989). See *Payton* v. *Abbott Labs*, 386 Mass. 540, 555-556 (1982). The proper measure of damages for nuisance is well-established: "If the injury [caused by the nuisance] is continuous but subject to termination by the later act of the wrongdoer, the measure [of damages] is the lessened rental value while the injury continues." *Schleissner* v. *Provincetown*, 27 Mass. App. Ct. at 396, quoting from *Belkus* v. *Brockton*, 282 Mass. 285, 288 (1933). To the same effect, see *Harrison* v. *Textron, Inc.*, 367 Mass. at 556. As to diminution in rental value, no evidence whatever was offered by the Shribergs.[3]

---

[3]Contrast, in this respect, the *Schleissner* case, where the plaintiff *did* introduce evidence of diminution in fair market value (although not of rental value particularly), and this court as matter of discretion remanded the case for further hearing on the rental value.

2. *Attorney's fees assessed under G. L. c. 12, § 11H.* The judge awarded attorney's fees to the Shribergs based in part on § 11I, as inserted by St. 1979, c. 801, § 1, which authorizes a recovery of reasonable attorney's fees by "[a]ny aggrieved person or persons who prevail in an action authorized by this section." A party is deemed to be a prevailing party under this section if he would qualify as a prevailing party under the corresponding Federal statute, 42 U.S.C. § 1988 (1988).[4] *Batchelder* v. *Allied Stores Corp.*, 393 Mass. 819, 821-822 (1985). The State statute differs, however, from its Federal counterpart because it does not allow attorney's fees to all parties who prevail — which is held to include prevailing defendants[5] — but only to "aggrieved . . . persons who prevail." The difference in language cannot be ignored. *Commonwealth* v. *Gagnon*, 387 Mass. 567, 573 (1982). We hold that an "aggrieved person" within the meaning of § 11I is a person who has suffered interference with, or attempts to interfere with, rights that are protected by the remedial scheme of §§ 11H and 11I. One who successfully defends a claim under §§ 11H and 11I is "aggrieved" only in the sense that any person made to defend himself in a court of law is aggrieved. Attributing that meaning to the words "aggrieved person" in § 11I would be inconsistent with "the statutory goal of encouraging private enforcement of civil rights relations." *Batchelder* v. *Allied Stores Corp.*, 393 Mass. at 822. Nothing in the *Batchelder* case or in *Cronin* v. *Tewksbury*, 405 Mass. 74, 75-76 (1989), suggests that one who prevails in *defending* a civil rights complaint is eligible for attorney's fees under § 11I. The part of the judgment awarding attor-

---

[4]The Federal statute, in relevant part, states that "[i]n any action or proceeding to enforce a provision of [specified statutes aimed at protecting civil rights], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[5]See *Christiansburg Garment Co.* v. *EEOC*, 434 U.S. 412, 421 (1978); *Hughes* v. *Rowe*, 449 U.S. 5, 14 (1980).

ney's fees, to the extent that it is based on § 11I, is reversed.[6]

3. *Attorney's fees based on G. L. c. 231, §§ 6F and 6G.* The judge based his award of attorney's fees, in the alternative, on §§ 6F and 6G, finding that the claims stated in Bailey's complaint "were wholly insubstantial, frivolous and not advanced in good faith." Bailey argues in her appellate brief, addressed to the panel, that the fee award was in error.

Section 6G sets out an anomalous route of appeal for an award of counsel fees under § 6F. "If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof." An appeal from such an award must be filed within ten days after notice is received of the award. The appeal proceeds on a specified record described in § 6G and is subject to a mandate of speedy hearing. Second par., second sentence. The standard of review is broader than that which normally applies in panel appeals. "The court [i.e., the single justice] hearing the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant." § 6G, first par., last sentence. See *Miaskiewicz v. LeTourneau,* 12 Mass. App. Ct. 880, 881-882 (1981); *Cohen v. Hurley,* 20 Mass. App. Ct. 439, 441 (1985). An appeal lies to a panel of the court from the decision of the single justice, *Katz v. Savitsky,* 10 Mass. App. Ct. 792, 793-795 (1980), but the appeal will normally be stayed and heard together with any appeal from the judgment entered in the trial court. *Id.* at 795.

From this statutory scheme it is manifest that the statute contemplates two separate appeals, one from the judgment, which goes to a panel of this court or the Supreme Judicial Court, and one from the award of attorney's fees under

---

[6]No contention is made, correctly, that attorney's fees are recoverable by the Shribergs for successfully prosecuting the nuisance claim. See *Harrison v. Textron, Inc.,* 367 Mass. at 555; *Schleissner v. Provincetown,* 27 Mass. App. Ct. at 397.

§ 6F, which follows the separate route described above. The fact that the order under § 6F is included in the judgment, or the fact that § 6F furnishes one of several bases for the award of attorney's fees, the rest of which are reviewable by a panel, does not obviate the necessity for separate appeals. A panel has no jurisdiction over an appeal from the decision of a trial court on a motion for attorney's fees under § 6F. Section 6G vests jurisdiction of that appeal in the single justice, who, for purposes of § 6G, must be regarded as a separate court altogether from a panel of the Appeals Court. The appeal from the judgment, which comes before a panel, affords no review of an award of attorney's fees under § 6F, although the award may have been stated in the judgment.

Until this case we have not had occasion to state our view that separate appeals are necessary. Normally, an award of counsel fees under § 6F has taken the form of an order on a motion which has been entered after judgment, rather than as part of the judgment. Where, on occasion, an appeal under § 6G has been misdirected to a panel, we have redirected it administratively to a single justice, see *Salvatore* v. *Northampton*, 8 Mass. App. Ct. 872 (1979); *Gynan* v. *Jeep Corp.*, 13 Mass. App. Ct. 504, 509 (1982),[7] before whom, on motion of the parties, proceedings on the § 6G appeal have normally been stayed pending resolution of any appeal from the judgment. The appeal from the judgment in this case was filed within ten days of the entry of judgment, i.e., within the shortened time limit for appeals of attorney's fee awards under § 6G. In the absence of prior case law explicating the requirement for separate appeals, Bailey could reasonably assume that her appeal from the judgment would afford review for all parts of the judgment. It is too late now to authorize the filing of a separate appeal. See Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979); *Cummings* v. *City Council of Gloucester*, 28 Mass. App. Ct. 345, 348 (1990). Because

---

[7]The report in the *Gynan* case suggests that the judgment and the order under § 6F may have been reviewed on a single appeal. If so, it is the only instance that we have located. The necessity for the filing of a separate appeal was not considered in that case.

this appeal qualified as a timely appeal under § 6G and might have been directed to a single justice as an appeal under that section, and as injustice might otherwise result from a confusing statutory scheme as contrasted with neglect of counsel, in the exercise of our discretion we shall order a transfer of the appeal to the single justice docket of the court for consideration of the remaining issue. Compare the *Cummings* case, *supra* at 349. In the future, in a situation where a § 6F order is incorporated in a final judgment rather than in a separate order, and a single appeal is filed which does not specify that it is an appeal from the portion of the judgment awarding attorney's fees under § 6F, we shall treat it only as an appeal to a panel from those portions of the judgment that are within the panel's jurisdiction (i.e., the portions other than the award of attorney's fees under § 6F). A party who seeks appellate review both of the judgment and of an award of attorney's fees under § 6F will be required to file two notices of appeal, which should result in two separate assemblies of the record.[8] Ordinarily, action by a single justice on a § 6G appeal will be stayed until disposition by a panel of any appeal that may be taken from the judgment on the merits of the underlying dispute.

The judgment of dismissal on Bailey's claim pursuant to G. L. c. 12, §§ 11H and 11I, is affirmed. With regard to the counterclaim, the judgment is reversed insofar as it awards damages for intentional infliction of emotional distress and attorney's fees and costs under G. L. c. 12, § 11I; it is affirmed insofar as it declares the existence of a private nuisance (but no damages having been proved, none can be awarded).[9] So much of the appeal as seeks review of the or-

---

[8]Under the procedure specified for appeals under § 6G, certain papers specified in the statute are physically transmitted to the Appeals Court. Because of the expedited procedure outlined by § 6G, the assembled record does not normally include a transcript of proceedings in the trial court.

[9]Although the judge directed the entry of a permanent injunction in an interlocutory order, the injunction was not included in the final judgment.

der for attorney's fees and costs under § 6F is to be transferred to the single justice docket for disposition.

*So ordered.*