VIJAI PANDEY *vs.* THE PAUL REVERE INSURANCE COMPANY. No. 91-P-1142. March 16, 1993. *Practice, Civil*, Attorney's fees. *Consumer Protection Act*, Insurance, Attorney's fees. *Insurance*, Unfair act or practice.

We are presented with a case which asks whether a disability insurer is required to reimburse its insured's legal fees and expenses necessitated by an action brought by the insured to collect the benefits provided under the policy. Upon a motion for an award of attorney's fees made by the plaintiff, Pandey, a judge of the Superior Court summarily rejected his request. Pandey appealed and we affirm.

Pandey's position, as articulated in his affidavit appended to his motion, was that he was unfairly coerced by the defendant into dismissing his action brought under G. L. c. 93A to recover two years of claimed disability benefits which the insurer initially refused to pay.[1] Ten months after the stipulation of dismissal of the case was filed, Pandey moved pro se for relief from the judgment. When this proved futile — the judge denied the motion — he moved for an award of attorney's fees and expenses.

The case is unlike *Jordan* v. *National Grange Mut. Ins. Co.*, 183 W. Va. 9 (1990), on which Pandey heavily relies. In that case the Supreme Court of Appeals of West Virginia held that where an insurance company settled with its insured for approximately the same amount initially claimed by the insured sixteen months after suit was filed, the insured had "substantially prevailed" and was entitled to recover reasonable attorney's fees from the insurer. The rationale set forth in *Jordan* for allowing recovery of reasonable fees from one's own insurer (applicable whether the insured substantially prevails in litigation as a result of settlement or as the result of a jury verdict) was that "[a] denial of counsel fees . . . would thwart the underlying public policy that insurers not raise groundless disclaimers, abandon their insured and induce costly and protracted litigation" (citation omitted). *Id.* at 651.

Nothing in Pandey's affidavit or other materials presented to the judge could be fairly read to establish an analogous violation of G. L. c. 176D, § 3(9)(*f*) (1990 ed.), which makes it an unfair claim handling practice for an insurer to fail "to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." See *Dodd* v. *Commercial Union Ins. Co.*, 373 Mass. 72 (1977). None of the materials before the judge satisfied Pandey's burden of proving that prior to the trial there were no disputed facts and that Pandey was willing to accept the amount for which he ultimately settled. Not only is Pandey's affidavit barren of facts which could reasonably be interpreted to support such a conclusion, but at oral argument he acknowledged the insurer's contention that the amount ultimately paid to him as a settlement was substantially less than his original demand before trial. See *Petition of the Dept. of Pub. Welfare to Dispense with Consent to Adoption*, 8 Mass. App. Ct. 872 (1979)

---

[1]After two days of a jury-waived trial in the Superior Court, the parties settled their dispute. Of the settlement amount of $45,500, Pandey paid $16,651 to his attorney as fees and $2,848.74 in expenses.

(where this court relied upon concession of a factual point made at oral argument).

Since the time of the *Dodd* decision the Supreme Judicial Court has recognized that a violation of many of the subsections of G. L. c. 176D, § 3(9), which make unlawful certain claim settlement practices in which an insurer may well have engaged in good faith (see, e.g., §§ 3[9][*e*], [*h*] and [*j*]) might still be actionable. But, as was stated in *Gulezian* v. *Lincoln Ins. Co.*, 399 Mass. 606, 613 (1987), "[a]n insurance company which in good faith denies a claim of coverage on the basis of a plausible interpretation of its insurance policy is unlikely to have committed a violation of G. L. c. 93A," which might result in the assessment of attorneys' fees.

We hesitate to depart from traditional principles and policies with respect to fee awards, cf. *Massachusetts Adventura Travel, Inc.* v. *Mason*, 27 Mass. App. Ct. 293, 299 n.8 (1989), especially in the circumstances presented in the instant case, where there is such a paucity of proof that the negotiations leading to the settlement were coercive, unfair, or unreasonable.[2]

On the materials presented, the motion judge correctly denied the plaintiff's motion for attorney's fees and expenses.

*Order denying motion for*
*attorney's fees and*
*expenses affirmed.*

*Vijai Pandey*, pro se.
*Timothy P. Wickstrom* for the defendant.

---

[2] Because of the result we have reached, we need not pass on the insurer's argument that the general release executed by Pandey at the time of the settlement bars his present claim for legal fees and expenses.