Doerfer, J.
The plaintiff, Angela Femino (“Femino”), brought this action against the defendant, Manufacturers and Merchants Mutual Insurance Company (“Manufacturers”), alleging that Manufacturers failed to effectuate a prompt, fair, and equitable settlement of Femino’s claim after she sustained injuries at the home of Manufacturers’ insured, and Femino’s sister, Joanne Andreoli (“Andreoli”). Femino has now moved for summary judgment on the grounds that liability was reasonably clear from the beginning of this action and, therefore, Manufacturers breached its duty under G.L.c. 176D and G.L.c. 93A. Manufacturers has cross-moved for summary judgment because, on the basis of the information available to Manufacturers before trial, it alleges that it was not unreasonable in refusing to increase its settlement offer of $3,000 before trial. For the reasons which follow, the plaintiffs motion for summary judgment is denied and the defendant’s motion for summary judgment is allowed.
BACKGROUND
On October 31,1990, Femino fell and was seriously injured when a portion of the bluestone step, owned by Andreoli and her husband Henry (collectively “the Andreolis”), allegedly broke off and caused her to fall backwards. After the accident, Femino instituted an action against the Andreolis. The Andreolis owned a Manufacturers’ homeowners liability insurance policy. On January 21, 1991, Andreoli provided a sworn statement to Manufacturers regarding Femino’s accident which stated that the step was in “excellent condition, however, on the last step closest to the bottom, the step cracked several weeks prior to 10-26, however, it did not appear to pose a problem.” (Ex. L to Affidavit of Alexander A. Padis.)
On or about June 6, 1991, Femino’s counsel sent to Bistany Adjustment Service (“Bistany”), the adjustment service retained by Manufacturers to investigate Femino’s claim, a letter requesting a “prompt and equitable offer of settlement pursuant to G.L.c. 176D.” (Ex. B to Aff. of Alexander A. Padis.) The letter did not demand a specific sum from Manufacturers. Femino’s counsel attached certain medical bills totalling $4,852.22 and reports to the letter which stated that “(a]s you know, this is a liability case.” Id. On June 12, 1991, Bistany forwarded the June 6 letter to Manufacturers and noted that Femino had failed to appear at an independent medical examination (IME) scheduled by Bistany. (Ex. C to Aff. of Alexander A. Padis.) On June 18, 1991, Bistany wrote to Femino’s counsel and asked that counsel provide additional medical documentation and permit Femino to undergo an IME, so that Bistany “may properly evaluate the liability and damage aspects of this matter.’’[1] (Ex. D to Aff. of Alexander A. Padis.) On July 26, 1991, Bistany, hearing no word from Femino’s counsel, again renewed its request for additional records and an IME. (Ex. E to Aff. of Alexander A. Padis.) On August 26, 1991, Femino’s counsel responded and again requested a “prompt and reasonable offer of settlement,” but failed to document the reasons for its assertion that liability had become reasonably clear. (Ex. F to Aff. of Alexander A. Padis.) On September 3, 1991, Bistany forwarded the August 26 letter to Manufacturers and informed Manufacturers that Femino’s counsel would not permit an IME or a statement from Femino. (Ex. G to Aff. of Alexander A. Padis.) On September 20, 1991, Femino’s counsel wrote a letter to Manufacturers which stated that, “(a]s you know, this is a liability case where the claimant fell on a defective step that broke under her weight.” (Ex. H. to Aff. of Alexander A. Padis.) Counsel further requested a “prompt and *74 equitable offer of settlement’’ and concluded with a recitation of the penalties for failure to comply with G.L.c. 93A and G.L.c. 176D.
On October 18, 1991, Manufacturers responded to the September 20 letter and stated that it “did not believe that liability of our insured has become reasonably clear,” but offered to settle in the amount of $3,000.00. (Ex. I to Aff. of Alexander A. Padis.) On October 22, 1991, Femino’s counsel responded to the offer and stated that “you afford no basis for your position that $3,000 is a prompt, fair, and equitable offer of settlement.” (Ex. J. to Aff. of Alexander A. Padis.) On November 4, 1991, Manufacturers wrote to Femino’s counsel and stated that Femino’s counsel had “not provided any specifics, but just generalities regarding your allegation of liability.” (Ex. K to Aff. of Alexander A. Padis.) Manufacturers further noted that Femino had failed to appear for her IME, that counsel had failed to produce all of the available medical information, and that counsel had refused to permit an interview of Femino. Manufacturers concluded that it was under no obligation to make any further offer in settlement because counsel’s letters contained no specific demand.
On March 2, 1993, Andreoli answered Femino’s interrogatories. Andreoli stated in relevant part,
The steps were intact prior to the fall, with a line crack in the step. After my sister’s fall, we saw a piece of the step broken off. The step was in good condition, and when we checked it, it was solid.
Int. Answer, No. 12. In response to a question as to whether a warning was given to Femino, Andreoli replied, “No warning was necessary.” Int. Answer, No. 13. Femino first deposed Andreoli on March 18, 1993, two months before trial and more than two years after Andreoli had provided Manufacturers -with her original statement. In her deposition, Andreoli continued to testify that she did not realize the crack in the step was dangerous. (Andreoli Depo., p. 18.)[2]
After a trial, the judge entered judgment in Femino’s favor and awarded her $125,000. On November 18, 1993, the Appellate Division of the Municipal Court upheld the trial court’s award of $125,000 to Femino. On January 4, 1994, Manufacturers disclaimed coverage on the grounds that the Andreolis breached their obligations under their policy with Manufacturers by failing to cooperate in the defense of Femino’s claim.[3]
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving pariy bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. GeneralMotors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Femino contends that there is no genuine issue of fact that Andreoli’s liability was reasonably clear, and therefore, Manufacturers’ failure to increase the amount of its settlement offer prior to trial violates G.L.c. 176D and, consequently, G.L.c. 93A.[4] G.L.c. 176D, §3 prohibits certain unfair acts or practices in the business of insurance.[5] “G.L.c. 9 3A provides a civil cause of action to persons injured as a result of unfair act or practice, including those prohibited under G.L.c. 176D, §3.” Whyte v. Connecticut Mut. Life Ins. Co., 818 F.2d 1005, 1011 (1st Cir. 1987).
In Hartford Casualty Insurance Co. v. New Hampshire Insurance Co., 417 Mass. 115, 121 (1994), the Supreme Judicial Court addressed the duty owed by an insurer with respect to the settlement of a third-party claim in the context of G.L.c. 93A and G.L.c. 176D. The court explained that the negligence standard by which the actions of an insurer concerning settlement should be tested is not significantly different from the good faith test that has been evolving in the Commonwealth. Id. The test is “whether no reasonable insurer would have refused the settlement offer or would have refused to respond to the offer.” Id. Cases prior to Hartford have consistently held insurers to a duty of good faith in effecting settlements. Pandey v. Paul Revere Insurance Co., 34 Mass.App.Ct. 919, 921 (1993) (insurance company which in good faith denies claim of coverage is unlikely to have committed a violation of G.L.c. 93A); Brandley v. U.S. Fidelity & Guar. Co., 819 F.Supp. 101, 105 (D.Mass. 1993), quoting CalimLim v. Foreign Car Center, Inc., 392 Mass. 228, 234 (1984) (“The standard for examination of the adequacy of the response to a demand for relief under [Chapter 93A] is whether, in the circumstances and, in light of the complainant’s demands, the offer is reasonable”).
In the present case, the undisputed facts are that Femino refused to submit to Manufacturers’ request to undergo either an IME or an interview regarding her *75 fall. Further, Femino’s counsel consistently failed to quantify Femino’s damages in his “demand letters” but, instead, ordered Manufacturers to make a prompt and equitable settlement without reference to the amount which would provide Femino adequate relief. Indeed, Femino’s demand letters on June 6, 1991, August 26, 1991, and September 20, 1991 were merely proforma. Cf. Brandley, supra at 104 (demand letters which detailed “the plaintiffs’ injuries, included copies of medical bills and police reports, indicated estimated settlement values, discussed pertinent caselaw,. . . unambiguously left the ball in [insurer’s] court”). Moreover, in pre-trial discovery, Manufacturers’ insured, Andreoli, consistently stated that the stairs were in “good condition” and that, although she aware of a crack in the lower step, she had checked it and found it solid. Based upon Andreoli’s statements, the court cannot find as a matter of law that Manufacturers was unreasonable in believing that its insured could prevail at trial. See Boston Symphony Orchestra Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 14 (1989) (G.L.c. 93A violation generally not established when there is no evidence of bad faith or ulterior motives on part of insurer). While Manufacturers arguably could have conducted a more thorough investigation of the incident, Femino has not submitted any affidavits which demonstrate that Manufacturers acted in bad faith, deviated from industry practices, or that no other reasonable insurer would have refused to settle the matter prior to trial. See Pandey v. Paul Revere Insurance Co., 34 Mass.App.Ct. 919, 920 (1993) (claimant bears burden of establishing G.L.c. 176D violation); see also Hartford, supra at 121. On the contrary, the submissions indicate that Femino refused to cooperate with Manufacturers’ endeavors to investigate the incident.
Femino’s reliance on the trial testimony of her expert witness, the expert’s report, and her appellee brief filed in the Appellate Division of the Boston Municipal Court is misguided. Femino’s present claim is based on Manufacturers’ alleged unfair and deceptive practices in failing to make a reasonable offer of settlement prior to trial. Thus, Manufacturers can not be charged with the knowledge of information contained in documents which Femino did not disclose to Manufacturers until trial. Moreover, the mere fact that the trial judge ultimately found in favor of Femino does not warrant a conclusion that Manufacturers’ settlement position was unreasonable.
On the present record, Femino has not satisfied her burden of proving that prior to trial there were no disputed facts, liability was reasonably clear, Femino was willing to accept a definitive amount in settlement, and that no other reasonable insurer would have declined to increase its offer of settlement. Therefore, the court concludes that Manufacturers did not breach its duty under G.L.c. 176D, and consequently, G.L.c. 93A. Manufacturers is thus properly entitled to summary judgment.
ORDER
For the foregoing reasons, it is ORDERED that the Plaintiffs Motion for Summary Judgment is DENIED. The Defendant’s Motion for Summary Judgment is ALLOWED.

Bistany also noted that some of Femino’s medical bills referred to Femino’s treatment in 1989, before the accident occurred.

In her deposition, Femino testified for the first time that she was aware that a brick was missing from underneath the step and that the railing was weak before the accident. (Andreoli Depo., p. 16.) However, there was no evidence presented, until trial, that either of these factors contributed to Femino’s injuries.

Manufacturers alleges that Femino testified to facts at variance with information that she had previously provided to Manufacturers or to her defense counsel, and that she was evasive and unresponsive when questioned at trial by her counsel.

The court notes that áfter Dodd v. Commercial Union Ins. Co., 373 Mass. 72 (1977), the Legislature amended G.L.c. 93A, §9(1), by St. 1979, c. 406, §1, to provide that “(a]ny person, other than a person entitled to bring action under [G.L.c. 93A, §11], who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two ... or any person whose rights are affected by another person violating the provisions of [G.L.c. 176D, §3(9)] may bring an action . . .” Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675 (1983). Thus, Femino properly has standing to bring a claim under G.L.c. 93A and G.L.c. 176D against Manufacturers.

 Specifically, G.L.c. 176D §3(9) describes unfair claim settlement practices as: “... (d) refusing to pay claims without conducting a reasonable investigation based upon all available information ...(f) failing to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear . . .”