JAMES D. BROOKS, executor,[1] vs. ROBERTA P. BROOKS.

No. 04-P-1083.

Barnstable. April 8, 2005. - November 17, 2005.

Present: BERRY, MILLS, & GREEN, JJ.

*Divorce and Separation,* Attorney's fees. *Practice, Civil,* Attorney's fees, Costs. *Executor and Administrator,* Attorney's fees, Personal liability.

In an action in Probate and Family Court arising from a complaint for modification of a child support obligation, the judge acted within her authority under G. L. c. 208, § 38, in ordering the plaintiff (the executor of the estate of the defendant's former husband) to pay attorney's fees and other costs to the defendant, and in directing that the sum be paid by the plaintiff personally from his own funds, subject to his opportunity to seek recovery of such amounts in his final account. [131-134]

COMPLAINT for divorce filed in the Barnstable Division of the Probate and Family Court Department on August 5, 1993.

A motion for an award of attorney's fees and costs, filed on July 23, 2003, was heard by *Virginia M. Ward,* J.

*Lois M. Farmer* for the plaintiff.

*John Foskett* for the defendant.

GREEN, J. At issue in this appeal is the award of attorney's fees and other costs to the defendant, arising from her defense of a complaint for modification brought by the plaintiff. A judge of the Probate and Family Court ordered the plaintiff (who is the executor of the estate of the defendant's former husband) to pay to the defendant a total of $15,898.75 in such fees and costs, and further directed that the sum be paid by the plaintiff "personally from his own funds." We conclude that the judge acted within her authority under G. L. c. 208, § 38, in awarding such fees and costs.[2]

---

[1] Of the estate of Thomas W. Brooks, Jr.

[2] We also construe the judge's directive that the fees be paid by the plaintiff

*Background.* Incident to their divorce, the defendant and the decedent, Thomas W. Brooks, Jr. (Thomas),[3] entered into a separation agreement that was merged with a judgment of divorce nisi entered on June 27, 1994. Among other provisions, the couple's agreement specified that Thomas would pay total monthly child support in the amount of $2,156.22 for the couple's two minor children (an older daughter and a younger son), and that he would contribute toward their college expenses.[4] The agreement specifically defined events which would constitute emancipation of a child, but made no provision for reduction of child support in the event one child became emancipated but the other child did not.[5] The agreement further provided that

> "[i]f at the time of the Husband's death, he is obligated to pay child support in accordance with . . . this Agreement, or to pay college education costs as set forth in . . . this Agreement, then his estate shall remain liable for such payments and shall promptly pay the same in accordance with the terms of this Agreement, until such obligation(s) are discharged in accordance with the terms of this Agreement."

Thomas died on January 2, 2002, leaving an estate with a net worth (before taxes) of approximately $3,000,000. His will, executed on September 21, 1994, left his entire residuary estate, divided equally, to two testamentary trusts: the son was named the sole beneficiary of one such trust, and the daughter was named the sole beneficiary of the other. The will named Thomas's brother James D. Brooks, the plaintiff, as executor of his estate and as cotrustee of the two testamentary trusts.[6]

In May, 2002, upon graduation of the couple's daughter from

"personally from his own funds" as consistent with the general rule that costs incurred by an executor in administration of an estate are paid by the executor personally in the first instance, but are subject to recovery if approved in the executor's final account. See G. L. c. 230, § 8.

[3] We refer to them collectively as "the couple."

[4] Thomas was obligated to pay up to the amount of tuition charged by the University of Massachusetts and one-half of any college education expenses in excess of that amount.

[5] The agreement also included no provision for increases in child support payments over time, based on cost of living or other considerations.

[6] The other named cotrustee is John A. Grant, who is not joined in this action.

college, the plaintiff reduced the amount of monthly child support by one-half, to $1,078.11. On July 26, 2002, the plaintiff filed a complaint for modification, seeking (i) confirmation that the estate's child support obligation was reduced in half because of the daughter's emancipation (as a result of her graduation from college), and (ii) a declaration that the child support obligation would terminate entirely upon funding of the testamentary trust for the benefit of the couple's son (despite the fact he was not yet emancipated).[7]

The defendant moved for summary judgment, and the judge allowed the motion, dismissing the complaint. Of most significance to the issues joined in this appeal, the defendant made three separate requests for award of her attorney's fees and costs incurred in defending the action.[8] In two separate orders, the judge ordered the plaintiff to pay a total of $15,898.75 in attorney's fees and costs, and the plaintiff appealed.[9,10]

*Discussion.* As a general matter, the so-called "American Rule" requires each litigant to bear her own litigation expenses, including counsel fees, "except where a statute permits the award of costs, a valid contract or stipulation provides for costs, or rules concerning damages permit recovery." *Judge Rotenberg*

---

[7]The complaint also sought confirmation that the obligation for alimony payments terminated upon Thomas's death, but no issue appears concerning that aspect of the complaint.

[8]In the concluding paragraph of the memorandum in support of her motion for summary judgment, the defendant requested her attorney's fees and costs incurred in defending against the complaint for modification. That request did not specify the authority on which she based her request. Separately, following denial of the plaintiff's motion to strike an affidavit submitted in support of the defendant's summary judgment motion, the defendant moved for an award of attorney's fees under G. L. c. 231, § 6F. Thereafter, following the plaintiff's unsuccessful motion for reconsideration of the judge's first fee award order, the defendant requested (again citing G. L. c. 231, § 6F) attorney's fees and costs in the amount of $13,398.75, and specifically requested that the amounts be paid "solely from the Executor's own funds."

[9]In addition to the present panel appeal, the plaintiff filed two separate notices of appeal under G. L. c. 231, § 6G, from the judge's fee award orders; those appeals are addressed in a separate order of a single justice of this court issued today. See *Bailey* v. *Shriberg*, 31 Mass. App. Ct. 277, 282-285 (1991).

[10]The plaintiff does not appeal from the order dismissing his complaint for modification.

*Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. 430, 468 (1997), citing *Waldman* v. *American Honda Motor Co.*, 413 Mass. 320, 322 (1992). In Massachusetts domestic relations practice, G. L. c. 208, § 38, furnishes such an exception to the general rule. Section 38 provides, in pertinent part, that "[i]n any proceeding under this chapter, whether original or subsidiary, the court may, in its discretion, award costs and expenses, or either, to either party, whether or not the marital relation has terminated." The authority to award fees under § 38 extends to fees and expenses incurred in defending a complaint for modification and, in determining whether to award fees as well as in determining the amount of the award, the probate judge enjoys considerable discretion. See *Saraceno* v. *Saraceno*, 369 Mass. 967 (1976); *Cooper* v. *Cooper*, 62 Mass. App. Ct. 130, 141 (2004). We will not disturb an order awarding attorney's fees except upon a showing of an abuse of that discretion. See *Pemberton* v. *Pemberton*, 9 Mass. App. Ct. 9, 16 (1980). We are not persuaded that the judge abused her discretion in the present circumstances.

In the present case, the terms of the couple's separation agreement addressed the continuation of child support following Thomas's death. The judge's observation that the complaint for modification lacked the requisite material change in circumstances (a conclusion not challenged in the plaintiff's appeal) accordingly supported her exercise of discretion to award the defendant's costs incurred in defending against the complaint.[11]

---

[11]We are hampered, but not irreparably deterred, by imprecision in the defendant's request for fees, and in the judge's orders awarding fees. To the extent that the defendant cited authority for her fee requests at all, she relied on G. L. c. 231, § 6F. See note 8, *supra*. The judge did not cite the authority on which she based her orders, but did not observe the procedural requirements, or enter the findings required, under § 6F. Under *Krock* v. *Krock*, 46 Mass. App. Ct. 528, 532-533 (1999), however, such deficiencies in clarity, though regrettable, need not deprive the Probate and Family Court of its statutory authority under G. L. c. 208, § 38. Under the reasoning of *Krock*, we do not in this case attach literal significance to the fact that the judge awarded fees "as prayed" in the defendant's third fee request (which cited G. L. c. 231, § 6F). We similarly choose not to assign particular significance to the punitive connotation implied by the judge's description of the fee award as a "sanction"; read in context, it is clear to us that she used that punitive term to

We reject the plaintiff's contention that G. L. c. 208, § 38, authorizes an award of attorney's fees only where the award is needed to overcome an economic hardship burdening the recipient of the award; in directing the determination to the sound discretion of the court the Legislature imposed no such limitation, and our cases have not applied such a narrow construction of the statute.[12] See, e.g., *Downey* v. *Downey*, 55 Mass. App. Ct. 812, 819 (2002), and cases cited; *Cooper* v. *Cooper*, *supra*.

The more interesting question in the present case is whether the plaintiff should be required to pay the fee award from his personal resources. As a threshold matter, we note that costs assessed against an executor in an action commenced by or against the executor are in the first instance, by statute, the personal responsibility of the executor. See G. L. c. 230, § 8. Such costs are eligible for reimbursement in the executor's final account, "unless the probate court determines that the action was prosecuted or defended without reasonable cause." *Ibid.*

To the extent that the judge's fee award orders imposed obligations personally against the plaintiff as executor, subject to his opportunity to seek recovery of such amounts in his final account, they were consistent with G. L. c. 230, § 8. However, we decline to give effect to the orders to the extent that they might be construed to determine conclusively the plaintiff's ability to recover from the estate the amounts assessed against him. The administration of the estate of the decedent, Thomas W. Brooks, Jr., is the subject of a separate action in the Probate and Family Court, and we consider the appropriateness of expenses incurred by the executor, in his capacity as such, best resolved within the context of that action, under the traditional statutory framework directed to that subject.

The orders awarding attorney's fees to the defendant are modified to provide that the plaintiff shall remain entitled to seek reimbursement of such expenses by the estate of the decedent,

---

convey her view that the defendant should not have been required to defend against the plaintiff's complaint for modification.

[12]The plaintiff appears to challenge only the authority of the judge to award attorney's fees, and not the judge's determination of the amount of the award.

Thomas W. Brooks, Jr., in his account of the administration of the estate and, as so modified, are affirmed.[13]

*So ordered.*

---

[13]In the circumstances, we decline to award the defendant her appellate attorney's fees. See *Krock* v. *Krock*, 46 Mass. App. Ct. at 534.