NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-795

LUCY JONES, individually and as administratrix,[1] & others[2]

vs.

GARRY TEIXEIRA & others.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants Garry Teixeira and Keith O. D. Moses (collectively, Teixeira) appeal from a Superior Court judge's January 8, 2024 order that, in substance, vacated the judge's earlier order imposing monetary sanctions under G. L. c. 231, § 6F. Teixeira argues that the judge (1) lacked jurisdiction to vacate her earlier order and (2) abused her discretion in doing so. We affirm.

---

[1] Of the estate of William Owens.

[2] Nicole Jones and Sierra Jones.

[3] Karlena Zachery, Keith O. D. Moses, and Gordon Spencer. Zachery and Spencer are not parties to this appeal.

Background.  In 2016, the plaintiffs, represented by attorney Paige Munro-Delotto, brought this legal malpractice action against the defendants.  In early 2020, Munro-Delotto was allowed to withdraw and the action was dismissed with prejudice.  Teixeira then filed a motion for sanctions against Munro-Delotto and the plaintiffs under G. L. c. 231, § 6F (§ 6F), and Mass. R. Civ. P. 11, as amended, 456 Mass. 1401 (2010) (rule 11).  The motion sought $46,758.36 in attorney's fees and costs.  Despite having withdrawn from the case, Munro-Delotto filed an opposition to the motion, arguing that no sanctions against her or the plaintiffs were warranted.

On November 12, 2020, the judge entered an order (November 2020 order) that stated in its entirety:  "After review of the papers filed by the defendant and the opposition filed by the plaintiff and after careful consideration [the court] finds that the defendant is entitled to legal fees under c. 231 6F in the amount of $46,758.36."  The judge did so without holding the hearing required by § 6F or making the findings § 6F requires.[4]  The order did not address whether sanctions were appropriate under rule 11 and did not specify whether the order ran against

---

[4] § 6F allows the imposition of sanctions "after a hearing" and requires a judge to state "the specific facts and reasons" underlying the finding that sanctions are appropriate.  § 6F, first par.

2

Munro-Delotto, the plaintiffs, or both.  No appeal was filed within the ten-day appeal established by G. L. c. 231, § 6G.[5]

On December 9, 2020, Teixeira served on Munro-Delotto, under Superior Court Rule 9A (rule 9A), a motion for clarification, asking the judge to clarify that the November 2020 order applied to Munro-Delotto individually as well as to the plaintiffs.  The motion noted that the judge had neither entered specific findings as required by § 6F nor addressed Teixeira's request for sanctions under rule 11.  On December 24, Munro-Delotto served a combined opposition to the motion for clarification and cross motion for reconsideration and modification of the November 2020 order.[6]  The cross motion argued that no sanctions were appropriate and, in effect, that the November 2020 order should be vacated.[7]  The rule 9A package was filed on December 31, 2020.

---

[5] Munro-Delotto filed a notice of appeal, on behalf of herself only, on December 14, 2020, outside the ten-day appeal period.

[6] Munro-Delotto filed the opposition and cross motion "on behalf of herself, and if applicable and proper, for the benefit of her unrepresented, former clients, the [p]laintiffs."

[7] Teixeira prepared a reply memorandum arguing, among other things, that insofar as the filing sought reconsideration and modification, it contained no motion, only a memorandum, and thus failed to comply with rule 9A.  In response, Munro-Delotto filed an emergency motion to treat her previous filing as compliant with rule 9A.  Teixeira opposed that emergency motion.  Although the judge never expressly addressed this rule 9A

On July 16, 2021, the judge held a motion hearing and, on January 8, 2024, she issued the four-page order that gave rise to this appeal.[8]  In the order, the judge stated that she had now reviewed the entire record of the case, as well as the standards for ordering sanctions under § 6F and rule 11.  She had initially awarded sanctions "because of the excessive delays in the case attributable to the plaintiffs, more specifically Attorney Monro-Delotto's personal circumstances."  Although the judge had initially questioned whether Munro-Delotto's medical conditions in fact prevented her from working, the judge's more recent review of the entire record left her with no "sufficient grounds to doubt Attorney Munro-Delotto's veracity."

Based on this review, the judge found no reason to believe that Munro-Delotto's or the plaintiffs' conduct sank to the level that warranted sanctions under § 6F or, as to Munro-Delotto, under rule 11.  The judge noted that awards under § 6F "should be reserved for rare and egregious cases," Police Comm'r of Boston v. Gows, 429 Mass. 14, 19 (1999), and that "this is

_____

dispute, the judge's allowance of Munro-Delotto's motion for reconsideration and modification was an implicit ruling that the motion sufficiently complied with rule 9A.

    [8] The record does not explain the reason for the regrettable delay between the motion hearing and the ruling.  Nevertheless, Teixeira cites no authority, and we know of none, suggesting that that delay affected the judge's power to grant the relief Munro-Delotto requested.

4

not such a case."  The judge therefore denied Teixeira's motion for clarification, allowed Munro-Delotto's cross motion for reconsideration and modification, and vacated the November 2020 order.  This appeal followed.

Discussion.  1.  Superior Court's jurisdiction.  Teixeira first argues that after expiration of the ten-day period for appealing the November 2020 order, or at least after expiration of the twenty-one-day period for seeking reconsideration under Superior Court Rule 9D, the judge had no jurisdiction to grant Munro-Delotto any relief from that order.  Teixeira acknowledges that a court would retain jurisdiction under, among other rules, Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (rule 60 (b)), but he argues that Munro-Delotto failed to invoke rule 60 (b).  We are unpersuaded.[9]

The Supreme Judicial Court has recently reaffirmed "the long-standing principle that judges have the flexibility to decide a motion based on its substance, rather than its title." Care & Protection of Rashida, 488 Mass. 217, 233 (2021), S.C., 489 Mass. 128 (2022).  See Pentucket Manor Chronic Hosp., Inc.

_____

[9] Little discussion is required of Teixeira's related argument that the judge could not use Teixeira's own motion for clarification as a vehicle for granting relief to Munro-Delotto. The judge expressly granted such relief based on granting Munro-Delotto's motion for reconsideration and modification, while denying Teixeira's motion for clarification.

5

v. Rate Setting Comm'n, 394 Mass. 233, 236 (1985) ("substance, not labels, should control in determining [nature of] postjudgment motion").  Rule 60 (b) allows a court to "relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect" (emphasis added).  Rule 60 (b) (1).  This provision applies to acts of the court as well as to those of parties.  Chavoor v. Lewis, 383 Mass. 801, 805 n.3 (1981).

The cognate Federal rule has been construed as allowing correction of "a judge's mistakes of law," and the legal meaning of the word mistake commonly includes mistakes of fact as well as those of law.  Kemp v. United States, 596 U.S. 528, 534 (2022) (interpreting Fed. R. Civ. P. 60 [b] [1]).  See Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 445 (1st Cir. 2022) (district court abused discretion in denying attorney's motion under Fed. R. Civ. P. 60 [b] [1] for relief from order imposing sanctions under Fed. R. Civ. P. 11).

Thus, the rule allowed the judge, once she realized her mistake in issuing the November 2020 order, to relieve Munro-Delotto from that order.[10]  Munro-Delotto's request for such

---

[10] Because rule 60 (b) allows relief from a final order, we need not address whether an order awarding attorney's fees under § 6F may be considered a final judgment.  See Fronk v. Fowler,

6

relief was timely, having been filed well within the one-year limit set forth in Rule 60 (b).  That Munro-Delotto's motion for "reconsideration and modification" did not cite any specific court rule authorizing such relief did not bar the judge from granting relief of the sort authorized under rule 60 (b) (1).  See Rashida, 488 Mass. at 233; Pentucket Manor, 394 Mass. at 236.

2.  Abuse of discretion.  Teixeira argues that the judge's November 2020 order was correct and that she abused her discretion by vacating it.  A rule 60 (b) (1) motion "is properly addressed to the sound discretion of the trial judge," and "[t]herefore, while appellate courts have not hesitated to intercede when the circumstances so required, . . . a judge's decision will not be overturned, except upon a showing of a clear abuse of discretion."  Scannell v. Ed. Ferreirinha & Irmao, Lda, 401 Mass. 155, 157-158 (1987).  "This requires us to determine whether the motion judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives.'"  Chamberland v. Arbella Mut. Ins.

81 Mass. App. Ct. 326, 331-332 & n.8 (2012).  The November 2020 order here was undoubtedly final, as it required no further proceedings in the Superior Court and was appealable under G. L. c. 231, § 6G.

7

Co., 91 Mass. App. Ct. 680, 684 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

There was no abuse of discretion here. The judge's November 2020 order consisted of a single sentence, entered without either the hearing or the specific findings required by § 6F. The judge's four-page January 8, 2024 order expressly set forth the standards for sanctions under both § 6F and rule 11, and applied those standards to the facts of this case. The judge determined, on further reflection, that her initial doubts about Munro-Delotto's veracity were not sufficiently found in the record. Accordingly, the judge ruled that Munro-Delotto had neither presented claims that were "wholly insubstantial, frivolous and not advanced in good faith," § 6F, nor advanced any motion in bad faith, without "a good ground to support it, [or] for delay." Rule 11. In short, she ruled that this was not one of those "rare and egregious cases" that warranted sanctions. Police Comm'r of Boston, 429 Mass. at 19.

Any review of a judge's order under § 6F is based on the subsidiary facts as found by the judge. Danger Records, Inc. v. Berger, 444 Mass. 1, 9 (2005); Farnum v. Mesiti Dev., 68 Mass. App. Ct. 419, 421 n.4 (2007). Assuming without deciding that such findings may be disregarded if clearly erroneous, we are not inclined to disregard a credibility finding. The judge here

8

had multiple opportunities to interact with Munro-Delotto at hearings over the life of the case, and she has reviewed the entire record of the case, including portions that Teixeira has not placed before us.  We have no basis on which to reject the judge's finding that there was insufficient basis to find Munro-Delotto not credible.  Accordingly, we do not disturb the judge's January 8, 2024 order determining that sanctions were unwarranted under § 6F or rule 11 and therefore vacating the November 2020 order.

3.  Appellate jurisdiction.  Because the January 8, 2024 order addressed sanctions under rule 11 as well as § 6F, we have assumed our jurisdiction over the § 6F issue.  We do so notwithstanding that an appeal of "a decision on a motion pursuant to [§ 6F]" must be filed within ten days of receipt of the decision[11] and proceeds to a single justice of this court rather than a panel.  See G. L. c. 231, § 6G.  Cf. Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 583-584 (2010) (discussing complications arising when party seeks to appeal § 6F order incorporated in final judgment on merits); Bailey v. Shriberg, 31 Mass. App. Ct. 277, 282-284 (1991) (same).  If we lacked jurisdiction over the § 6F issue, we would dismiss the

---

[11] Teixeira filed his notice of appeal on February 7, 2024, more than ten days after the January 8, 2024 order.

appeal in part, leaving the January 8, 2024 order undisturbed as it relates to sanctions under § 6F.  Instead, we have assumed that that order was not a decision on a motion pursuant to § 6F and thus is properly before us, allowing us to resolve the full dispute on the merits by affirming the order in its entirety.[12]

Order dated January 8, 2024, affirmed.

By the Court (Desmond, Sacks & Brennan, JJ.[13]),

Clerk

Entered:  July 1, 2025.

---

[12] Teixeira's request for appellate attorney's fees and double costs is denied.

[13] The panelists are listed in order of seniority.