JOHN DONNELLY & SONS, INC. *vs.* OUTDOOR ADVERTISING BOARD & another. November 2, 1976. This appeal is not properly before us, having been dismissed by an order of this court entered on August 22, 1975, and docketed in the Superior Court on September 8, 1975. That dismissal, although entered by the clerk of this court in accordance with the direction of standing order no. 17, was in fact and in law a dismissal by the full court, which alone has the power to dismiss an appeal timely docketed. Mass.R.A.P. 15(c) and 19(c), 365 Mass. 860, and 868 (1974). Compare Mass.R.A.P. 10(c), as amended, 367 Mass. 919 (1975), and 16(k), 365 Mass. 863 (1974). The power of a single justice to vacate such an order of dismissal is limited by the express provisions of standing order no. 17 to a fourteen-day period from the docketing of the order of dismissal. Assuming, without deciding, that the full court might still vacate the order of dismissal (but see *Crocker v. Crocker,* 198 Mass. 401, 407-409 [1908]; *Powers* v. *Sturtevant,* 200 Mass. 519 [1909]; *Boston* v. *Santosuosso,* 308 Mass. 189, 194 [1941]; *Joyce* v. *George W. Prescott Publishing Co.* 352 Mass. 767 [1967]), we decline to do so because, apart from the plaintiff's contention having to do with the construction of the Burlington by-law, which we reject, the appeal presents no issue not already decided adversely to the same plaintiff in *John Donnelly & Sons, Inc.* v. *Outdoor Advertising Bd.* 369 Mass. 206 (1975). We see nothing in the recently decided cases cited by the plaintiff, and in particular in *Virginia State Bd. of Pharmacy* v. *Virginia Citizens Consumer Council, Inc.* 425 U. S. 748 (1976), and *Young* v. *American Mini Theatres, Inc.* 427 U. S. 50 (1976), which cast doubt on the continued validity of the earlier decision against the plaintiff. The order of dismissal entered on August 22, 1975, is to stand.

*So ordered.*

*Joseph J. Hurley (Mary M. Logalbo* with him) for the plaintiff.

*Ellyn R. Weiss,* Assistant Attorney General, for Outdoor Advertising Board.

*David Berman,* Town Counsel, for the town of Burlington, intervener.