IRWIN KATZ *vs.* MORDECAI SAVITSKY & others.[1]

Norfolk. November 3, 1980. — December 10, 1980.

Present: GRANT, CUTTER, & ARMSTRONG, JJ.

*Appeals Court*, Appeal from order of single justice. *Practice, Civil*, Appeal, Review of interlocutory action, Frivolous actions.

An order of a single justice of this court under G. L. c. 231, § 6G, is reviewable by a panel of this court; however, an appeal from such an order should be stayed until the entry in this court of any appeal from a final judgment entered in the lower court or until such time as it becomes apparent that there will be no such appeal. [793-796]

The thirty-day and sixty-day appeal periods found in Mass.R.A.P. 4(a) are applicable to an appeal from an order of a single justice of this court under G. L. c. 231, § 6G. [796]

A single justice of this court had the power under G. L. c. 231, § 6G, to make an award of counsel fees and costs upon review of a lower court's denial of such an award. [796-797]

A single justice of this court did not err in awarding attorney's fees and costs pursuant to a motion under G. L. c. 231, § 6F, to the defendants in a civil action where a conclusion was warranted that the plaintiff's claim was "wholly insubstantial, frivolous and not advanced in good faith" within the meaning of § 6F. [797-798]

CIVIL ACTION commenced in the Superior Court Department on September 7, 1978.

A motion for costs and counsel fees under G. L. c. 231, § 6F, was heard by *Rutledge*, J., and was reviewed in the Appeals Court by *Greaney*, J.

*Martha B. Kleinerman* for the plaintiff.

*Robert J. Sherer* for the defendants.

GRANT, J. In 1978 the plaintiff commenced an action for damages in the Superior Court by the filing of a complaint

---

[1] The other defendants named in the complaint are Samuel J. Fox and "Massachusetts Council of Rabbis." We have been given no information from which we could conclude that the Council is a suable entity.

in which he alleged that the defendants had intentionally and wrongfully interfered with certain contractual rights which the plaintiff had with one Marvin S. Antelman. The defendants answered and pleaded, among other defenses, that the action was time-barred under G. L. c. 260, § 2A. The action was eventually dismissed under Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974). The defendants seasonably filed a motion under G. L. c. 231, § 6F, inserted by St. 1976, c. 233, § 1, for an award of counsel fees and expenses in connection with the defense of the action. That motion was heard and denied by a judge of the Superior Court other than the one by whose order the action had been dismissed.[2]

The defendants filed a timely notice of appeal to a single justice of this court under G. L. c. 231, § 6G, also inserted by St. 1976, c. 233, § 1. The appeal was heard and determined on the original papers and the arguments of counsel. The single justice entered an order by which he awarded the defendants the sum of $2,248.77 by way of counsel fees and expenses in connection with the defense of the action in the Superior Court.[3] Within thirty days of the date of the award the plaintiff filed a notice of appeal therefrom to a panel of the Justices of this court.

We deal first with certain questions which arise out of some of the obscurities in the provisions of G. L. c. 231, § 6G.

1. The first question, one which we raised on our own motion at the argument, is whether the award of the single justice is reviewable by a panel of the Justices of this court. The second paragraph of Rule 2:01 of the Appeals Court, as amended, 3 Mass. App. Ct. 806 (1975), does not apply because a single justice of the Supreme Judicial Court has no

---

[2] We disapprove of such a practice whenever the proper resolution of a motion under § 6F requires an assessment of the credibility of witnesses. There was no in-court testimony in the present case.

[3] The reasonableness of the award has not been contested by any of the parties.

jurisdiction to determine an appeal from a decision under
G. L. c. 231, § 6F, unless he transfers the appeal to that
court under the last paragraph of G. L. c. 211, § 4A. Al-
though the second paragraph of § 6G, which is concerned
with procedural matters, speaks of "[a]ny appeal to . . . the
appeals court,"[4] the only express grants of appellate jurisdic-
tion are found in the first paragraph of the same section,
which speaks of (1) an "appeal . . . to the single justice of the
appeals court" with respect to a "matter [which] arises in
the superior, land, housing or probate court" and (2) an
"appeal . . . to the full bench of the supreme judicial court"
with respect to a "matter [which] arises in the appeals court
or before a single justice of the supreme judicial court."

On the other hand, there is nothing in § 6G which pur-
ports to attribute any measure of finality to an order entered
by one of our single justices under that section. Contrast
G. L. c. 261, § 27D, as originally inserted by St. 1974,
c. 694, § 3, and as now appearing in St. 1980, c. 539, § 8,
which has always provided that a decision by one of our sin-
gle justices on costs for an indigent party "shall be final."
Any conclusion by us that one of our panels could not re-
view an order entered by one of our single justices under
G. L. c. 231, § 6G, would lead to a practice under which
persistent counsel would take those orders by complaints in
the nature of certiorari (G. L. c. 249, § 4, as appearing in
St. 1973, c. 1114, § 289) to the single justices of the Su-
preme Judicial Court, who could not transfer the cases else-
where under G. L. c. 211, § 4A, and whose judgments
would be subject to still further appeal under G. L. c. 231,
§ 114, as appearing in St. 1973, c. 1114, § 202.

We have recently said that the "unnecessary traditional
baggage" of certiorari (*Loring Hills Developers Trust* v.
*Planning Bd. of Salem,* 374 Mass. 343, 350 [1978]) should
be dispensed with "when[ever] another and simpler means
of securing judicial review is adequate and available." *Do-*

---

[4] Which we take to mean a panel comprised of at least three Justices of
the court, as contemplated by G. L. c. 211A, § 3.

*herty* v. *School Comm. of Boston,* 6 Mass. App. Ct. 805,
811-812 (1979). The panels of this court are quite capable
of eradicating the sins of our single justices (see, e.g., *John
Donnelly & Sons* v. *Outdoor Advertising Bd.,* 4 Mass. App.
Ct. 847 [1976]; *Cassidy* v. *Commissioner of Environmental
Management,* 7 Mass. App. Ct. 898, 899 [1979]; *Pemberton*
v. *Pemberton,* 9 Mass. App. Ct. 809 [1980]; *Greenberg* v.
*Greenberg, post* 827, 828 [1980]; *Ward* v. *Coletti, ante* 629,
632-633 [1980]), and it would hardly serve the purpose for
which this court was created for us to throw the orders en-
tered by our single justices under G. L. c. 231, § 6G, into
the Supreme Judicial Court. We think that sound princi-
ples of judicial administration dictate the conclusion that
such orders are reviewable by a panel of this court, subject
to the possibility of further appellate review under G. L.
c. 211A, § 11.

We believe, however, that appeals from orders by the sin-
gle justices under G. L. c. 231, § 6G, should be stayed until
the entry in this court of any appeal from the final judgment
which may ultimately be entered in the lower court, or until
such time as it becomes apparent that there will be no such
appeal.[5] The first and last paragraphs of G. L. c. 231,
§ 6F, contemplate that interlocutory orders may be entered
under that section. The last sentence of § 6G provides that
the payment of any award under § 6F "shall be stayed until
the completion of all appeals relating to the civil action in
which the award was made." And the possibility always
exists that the disposition of the appeal from the final judg-
ment may undermine or obliterate the basis for an order en-
tered in the lower court under § 6F or in this court under
§ 6G. It is only by staying the appeal from the order of a
single justice for the period indicated that we can avoid the
evils of piecemeal appellate review. See *Giacobbe* v. *First
Coolidge Corp.,* 367 Mass. 309, 312-313 (1975); *Kargman*

---

[5] The plaintiff's appeal from the final judgment in this case has been dis-
missed for lack of prosecution.

v. *Superior Court,* 371 Mass. 324, 329-330 (1976); *Cappadona* v. *Riverside 400 Function Room, Inc.,* 372 Mass. 167, 169 (1977).

2. The defendants urge in their brief before us that we should decline to hear the present appeal because it was not claimed within the ten-day period provided in the first sentence of the second paragraph of § 6G. As we read that paragraph, the ten-day period applies (in a case such as the present) only to an appeal to a single justice from a decision on a "matter [which] arises in the superior, land, housing or probate court," as provided for in the second sentence of the first paragraph of § 6G. No time limit is expressly set on an appeal from an order of a single justice, but the third sentence of the second paragraph of § 6G provides that "[a]ny appeal to . . . the appeals court[6] . . . shall proceed according to the Massachusetts Rules of Appellate Procedure." That provision has the effect of invoking the thirty- and sixty-day appeal periods found in Mass.R.A.P. 4(a), as amended, 378 Mass. 928 (1979) (compare *Boston Seaman's Friend Soc.* v. *Attorney Gen.,* 379 Mass. 414, 416 [1980]), with the result that the plaintiff's appeal from the award of the single justice, which was claimed within thirty days, is properly here.

3. Also discussed at the argument, but not in the briefs of the parties, was the question whether the single justice has the power to make an award which has been denied by the lower court. The words "review the finding" and the words "withdraw or amend any finding or reduce or rescind any award" which appear in the last sentence of the first paragraph of § 6G do not aptly describe what has occurred in the present case. However, the first sentence of that section affords a right of appeal to the single justice to "[a]ny party aggrieved by a decision on a motion pursuant to" § 6F, and the third sentence of that section contemplates that the appeal may be from the denial of an award when it states that what the single justice is to "review" are the "finding and award, *if any,* appealed from" (emphasis supplied). Ac-

---

[6] See note 4, *supra.*

cordingly, we have no hesitation in concluding that the single justice has the power to make an award which has been sought and denied in the lower court.

4. We need not dwell at length on the merits of the present appeal. The plaintiff's response to a notice of the taking of his deposition was to file a groundless motion to disqualify the defendants' counsel which the plaintiff pursued without success in the Superior Court and in the single justice sessions of this court and the Supreme Judicial Court. When finally brought to bay on deposition, the plaintiff was either unable or unwilling to give a coherent explanation of the contractual relationship with Antelman which had allegedly been interfered with, and his testimony was such as to require the conclusion that the allegations of the complaint under which he had hoped to escape the operation of the statute of limitations were false. It is clear from the papers that when the action was brought, neither the plaintiff nor his counsel had had any reason to believe that any of the defendants was even aware of any contractual relationship between the plaintiff and Antelman (see *Grammenos* v. *Zolotas,* 356 Mass. 594, 597 [1970]; *National Right to Life Convention '76, Inc.* v. *Million Dollar Round Table,* 6 Mass. App. Ct. 857 [1978]), with the result that there had been no factual support for the allegation in the complaint that the "defendants did intentionally interfere with the performance of this said contract."[7] Shortly after the completion of the deposition the plaintiff caused the action to be dismissed with prejudice as to one of the defendants, for no apparent reason. The plaintiff's appeal from the judgment of the Superior Court had been dismissed for lack of prosecution by the time the single justice acted. He was clearly correct in concluding that the plaintiff's claim was "wholly insubstantial, frivolous and not advanced in good faith" within the meaning of G. L. c. 231, § 6F. The same is true of the present appeal, in which the plaintiff's counsel has ar-

---

[7] We shall leave to others the question whether the plaintiff's counsel should be disciplined under Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974).

gued only that her client's claim was not frivolous and was advanced in good faith.

The order and award of the single justice are affirmed, with counsel fees to the defendants on this appeal in the amount of $1,800 (see *Goodwin Bros. Leasing* v. *Nousis,* 373 Mass. 169, 177 [1977][8]) and double costs on appeal (G. L. c. 211A, § 15), including in such costs the cost of the supplemental appendix filed by the defendants pursuant to leave of court first obtained; the execution is to issue out of the Superior Court.

*So ordered.*

---

[8] See also Mass.R.A.P. 25, as most recently amended, 378 Mass. 925 (1979); Fed.R.A.P. 38; *First Natl. Ins. Co.* v. *Lynn,* 525 F.2d 1, 3 (1st Cir. 1975); *Teledyne Indus. Inc.* v. *Podell,* 546 F.2d 495 (2d Cir. 1976); *Overmyer* v. *Fidelity & Deposit Co.,* 554 F.2d 539, 543 (2d Cir. 1977); *In re Newport Harbor Associates,* 589 F.2d 20, 24 (1st Cir. 1978); *Ralston Purina Co.* v. *Navieras de Canarias, S.A.,* 619 F.2d 152, 153 (1st Cir. 1980); 9 Moore's Federal Practice pars. 238.01 and 238.02 (2d. ed. 1980).