11 Mass. App. Ct. 889    959

Rescript Opinions.

WILLIAM J. LEVENTHAL *vs.* AMERICAN DISCOUNT CORPORATION & others (and a companion case). March 4, 1981. These two appeals arise from Leventhal's unremitting efforts to escape the burdens of a 1965 consent judgment which awarded damages to American Discount Corporation (ADC) for Leventhal's larceny of its property (see *Commonwealth* v. *Hamblen,* 352 Mass. 438, 445-446 [1967]; *Commonwealth* v. *Leventhal,* 364 Mass. 718 [1974]). In the first case, Leventhal appeals from judgments dismissing his amended complaint brought against ADC and twenty-nine individual defendants, from the denial of his motions for relief from judgments and from the denial of leave to file a substitute complaint. In the amended complaint Leventhal alleged that ADC lost its status as a judgment creditor under the 1965 judgment and, as a result, that it and the other defendants wrongfully attempted to collect damages under an unlawful judgment. In the second case, Leventhal appeals from the denial of his third motion for relief from the 1965 judgment.

1. All the claims in Leventhal's amended complaint are predicated on the assumption (as stated in the complaint) that the 1965 judgment lost its force in 1969 when his appeal from the denial of his second motion to vacate the judgment was docketed in the Supreme Judicial Court. That appeal was determined adversely to Leventhal by decision reported at 357 Mass. 775 (1970). He asserts in the complaint that ADC was required to obtain a new final decree after rescript in that case in order to preserve the judgment. He also asserts that ADC's failure to obtain an execution on the judgment defeats its status as a judgment creditor.

These premises — essential to the sufficiency of each of Leventhal's six claims — were properly determined by the motion judge to be erroneous as a matter of law. The 1965 judgment was never appealed by Leventhal and has never been vacated or modified by any court with jurisdiction over it. Leventhal's 1969 appeal was from the denial of a postjudgment motion. The appeal had no effect on the judgment's finality, and ADC was not required to take any action after the rescript in that case to preserve the judgment. See *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 189 (1943). See also *Carilli* v. *Hersey,* 303 Mass. 82, 84 (1939); *Stow* v. *Marinelli,* 352 Mass. 738, 743 (1967); *Brown* v. *Massachusetts Port Authy.,* 371 Mass. 395, 399-401 (1976). Nor were ADC's rights to pursue collection under the judgment diminished in any respect by its failure to obtain an execution. See G. L. c. 235, § 19; *Linton* v. *Hurley,* 114 Mass. 76 (1873). We note without discussion that each of the other grounds stated in the defendants' rule 12(b) motions, Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974) (and relied upon by the judge in dismissing the complaint), independently supports dismissal of the action. The refusal to grant relief from the judgments or to allow leave to file a substitute complaint was within the judge's discretion. No abuse of that discretion has been shown. See *Leventhal* v. *Dockser,* 361 Mass. 894 (1972). Leventhal's contentions with respect to at least six other interlocutory orders in

the case need not be considered as no appeal was ever claimed or taken from any of those orders. *Phillips* v. *Phillips*, 3 Mass. App. Ct. 743, cert. denied, 423 U.S. 1022 (1975). None, in any event, erroneously affects the judgments of dismissal.

2. Leventhal's third motion for relief from the 1965 judgment rests on the assertion that the judgment had been fraudulently obtained because the jury which convicted him of numerous counts of larceny had been tampered with by one Rosenberg, a former director of ADC and a prosecution witness. The record discloses ample support for the denial of the motion. We need only mention in support of the judge's action Leventhal's concession at oral argument that, if everything discovered in the course of taking Rosenberg's deposition with respect to his contact with one of the jurors in the criminal case had been before the judge who presided at the criminal trial, the judge would not have been required to declare a mistrial.

3. The matters reviewed herein presented nothing of merit to the Superior Court or this court. It cannot escape our attention that they are the latest in a long series of actions brought by Leventhal in the hope of finding some defect sufficient to invalidate the 1965 judgment. All of the actions have been fruitless, and indeed, most have been disposed of summarily. Yet Leventhal persists — as the polite model of the pertinacious litigant — in seeking still another roll of the dice. We believe that these appeals can only be branded as vexatious and that the appellees are entitled to double costs on appeal (G. L. c. 211A, § 15) and counsel fees. See *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 797-798 & n.8 (1980).

The judgment entered in case No. 6828 dismissing the action against the individual defendants is to be modified to include all of the individual defendants named in the action or the representatives of their estates, and as so modified is affirmed. The judgment in that case dismissing the action against the corporate defendant is affirmed. The other orders appealed from in both cases are affirmed. The appellees are awarded double costs with counsel fees to counsel for the individual defendants as a group in the amount of $1,500 and to counsel for the corporate defendant in the same amount. The execution is to issue out of the Superior Court.

*So ordered.*

*William J. Leventhal,* pro se.

*Will J. Bangs & Thomas D. Burns* (*Charles Mark Furcolo* with them) for the defendants.