STANLEY J. MIASKIEWICZ *vs.* ARLENE LeTOURNEAU. June 16, 1981. In *Miaskiewicz* v. *Commonwealth*, 380 Mass. 153 (1980), the Supreme Judicial Court affirmed the conviction of the plaintiff of petty criminal contempt. That court, at 158, described the plaintiff's conduct as follows: "The petitioner not only lied wilfully under oath, but enlisted

judicial resources in a baseless, false and wasteful cause. His conduct constituted both an affront to the court's dignity and a perversion of the court's purposes as an institution for just resolution of legitimate disputes."

The findings of fact of the trial judge which resulted in the plaintiff's conviction of petty criminal contempt (in part set out in *Miaskiewicz, supra* at 154-155) were also made and filed in this action, and were the basis for an award of counsel fees to the defendant on the latter's motion brought pursuant to G. L. c. 231, § 6F, inserted by St. 1976, c. 233, § 1. The plaintiff appealed to a single justice of this court (G. L. c. 231, § 6G, inserted by St. 1976, c. 233, § 1), the award was affirmed, and the plaintiff now appeals the decision of the single justice. See *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 793-796 (1980). We affirm.

1. We reject, for the reason set forth by the single justice, the plaintiff's claim that he has a vested right not to pay fees on the ground that his action was brought prior to the effective date of G. L. c. 231, § 6F. Although the statute may not have been in effect at the time the action was commenced (see *Vaught Constr. Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 562 n.9 [1976]), § 6F, a remedial statute, was operative both at the time of the trial and at the time of the filing of the defendant's motion for attorney's fees. The action had "not yet gone beyond the procedural stage to which the statute pertains." *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 628 (1974). *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 88 (1979).

Moreover, "[t]here is no protected right to commit perjury," *United States* v. *Grayson*, 438 U.S. 41, 54 (1978), and a showing of bad faith gives rise to one of the traditional exceptions to the general American rule that counsel fees are not part of the costs awarded to a successful litigant. See *Hall* v. *Cole*, 412 U.S. 1, 5 (1973); *Hutto* v. *Finney*, 437 U.S. 678, 689 & n.14 (1978); *Copeland* v. *Martinez*, 603 F.2d 981, 991-992 (D.C. Cir. 1979), cert. denied, 444 U.S. 1044 (1980). 6 Moore's Federal Practice par. 54.77(2) (2d ed. 1976). It is by no means evident that counsel fees would not have been awarded in this case even without the enactment of G. L. c. 231, § 6F. See Mass.R.Civ.P. 56(g), 365 Mass. 825 (1974) (attorney's fees payable if affidavits "presented in bad faith"). See also Mass.R.Civ.P. 37(a)(4), 365 Mass. 798 (1974); *Bournewood Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 303, 317 (1976); *Brancaleone* v. *Parisi*, 3 Mass. App. Ct. 566, 573-574 (1975).

2. The plaintiff's argument that the single justice should have made an independent determination of facts is without merit. General Laws c. 231, § 6G, provides: "The court hearing the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant." The direction in § 6F to the judge to include the "specific facts and reasons" on which a

"separate and distinct finding, that all or substantially all of the claims . . . were wholly insubstantial, frivolous and not advanced in good faith" is based, and the direction in § 6G to the court "hearing the appeal" to "review the finding and award" (emphasis supplied) indicate that the function of the court hearing the appeal is to conduct its review on the basis of the subsidiary facts as found by the trial judge, at least in the first instance. The weighing of credibility of witnesses is, in any event, an inappropriate function for an appellate court, or a single justice thereof, except in the rarest of circumstances (see *Spiegel* v. *Beacon Participations, Inc.*, 297 Mass. 398, 407-408 [1937]), and we find nothing in § 6G which requires the court hearing the appeal to embark on such an ill-advised venture. See *Katz* v. *Savitsky*, 10 Mass. App. Ct. at 793 n.2, where we disapproved of a motion under G. L. c. 231, § 6F, being heard by a judge other than the trial judge "whenever the proper resolution of [such motion] . . . requires an assessment of the credibility of witnesses."

3. There is no validity to the plaintiff's claim that the single justice was required to examine the entire record, including the exhibits and a full transcript. The extent of the record needed by the court hearing the appeal will vary from case to case. See *Blazo* v. *Superior Court*, 366 Mass. 141, 150 (1974). Thus, in *Katz* v. *Savitsky, supra*, where no award or findings were made by the trial judge, the appeal to the single justice "was heard and determined on the original papers and arguments of counsel." *Id.* at 793. In the instant action where 1) the trial judge's careful findings showed disbelief of the plaintiff's testimony, and 2) no claim was made that the findings were unsupported by the evidence, or that the summary of testimony prepared by the trial judge was inaccurate, the single justice did not err in confining the record to certain pleadings and to materials upon which the trial judge relied, namely, excerpts of testimony of the plaintiff and the summary of testimony prepared by the trial judge. See *Miaskiewicz* v. *Commonwealth*, 380 Mass. at 157.

4. The remaining contentions of the plaintiff are devoid of merit, and we have no question that the award of attorney's fees in this case met the statutory requirements. We note that the plaintiff's incorporation by reference in his brief of portions of memoranda presented to the single justice places an unnecessary burden on this court and does not conform to the requirements of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Drain* v. *Brookline Sav. Bank*, 327 Mass. 435, 438 (1951).

If it were not for the absence of prior judicial construction of the scope of review under § 6G, we would have awarded the defendant counsel fees on this appeal. See *Katz* v. *Savitsky*, 10 Mass. App. Ct. at 798; *Leventhal* v. *American Discount Corp.*, 11 Mass. App. Ct. 959, 960 (1981).

*Order affirmed.*

*Gerald N. Cohen* for the plaintiff.
*Richard D. Clarey* (*George C. Deptula* with him) for the defendant.