**Paul NASH**

v.

**TRUSTEES OF BOSTON UNIVERSITY.**

Civ. A. No. 88–0390 P.

United States District Court,
D. Rhode Island.

Dec. 9, 1991.

Steven E. Snow, Partridge, Snow & Hahn, Providence, R.I., for plaintiff.

Robert S. Parker, Temkin & Miller, Ltd., Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

The issue is whether a defendant, who successfully interposes a defense of fraud in a breach of contract and Employee Retirement Income Security Act ("ERISA") action, is entitled to recover costs and attorney's fees.

### I.

Paul Nash ("Nash"), formerly a tenured professor at Boston University ("BU"), claimed that an early retirement agreement which he signed was wrongfully rescinded by BU. Following a bench trial, I concluded that Nash fraudulently induced the contract and that this finding obviated any need to consider his ERISA claim. The appellate court affirmed my judgment.

The defendant's motion for costs and attorney's fees is now before me for resolution.

### II.

Nash rightfully claims that in cases founded upon federal question jurisdiction, federal courts are powerless to act beyond the small amounts authorized by 28 U.S.C. § 1923 (allowing certain minor fees and costs in civil, criminal or admiralty cases). He contends that such a fee stricture immunizes him from liability for attorney's fees since the federal jurisdictional premise for the law suit was the ERISA claim, with the contract claim based on pendent jurisdiction. This is not a correct characterization. Jurisdiction for Count I of the complaint was based on diversity pursuant to 28 U.S.C. § 1332. Count II of the complaint, arising under ERISA, 29 U.S.C. §§ 1001 *et seq.*, was based on 29 U.S.C. § 1332(e). The complaint merely stated that the Court also had pendent jurisdiction over Count I. This is not a case based solely on a federal question.

There is no dispute that in a diversity case a federal court may follow a state statutory policy allowing attorney's fees as costs.

Both Rhode Island and Massachusetts [1] provide for award of attorney's fees in appropriate cases. I will consider only Massachusetts law since, as Nash points out in his brief, both parties are "in agreement that Massachusetts law controlled the contract action." I am in accord with this conclusion. Plaintiff argues that the Massachusetts statute provides no basis for an award in this case, because it requires that the focus be solely on the conduct of par-

1. The Rhode Island statute provides as follows:
The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
R.I.Gen.L. § 9-1-45.
The Massachusetts statute provides, in part, as follows:
Upon motion of any party in a civil action in which a ... judgment has been made by a judge ... the court may determine, after hearing, as a separate and distinct findings, that all or substantially all of the claims ... whether of a factual, legal or mixed nature, made by any party who is represented by counsel during most or all of the proceedings, where wholly unsubstantial, frivolous and not advanced in good faith.... If such a finding is made with respect to a party's claims, the court shall award each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims....
Mass.Gen.Laws, Chapter 231, § 6F.

ties during the litigation and not on their conduct prior to the trial. *Lewis v. Emerson,* 391 Mass. 517, 462 N.E.2d 295 (1984). Plaintiff's memorandum at 6–7. He reasons that "[t]here is nothing in the findings of the Court to suggest that the plaintiff's conduct of the litigation was 'unsubstantial, frivolous and not advanced in good faith.'" Plaintiff's memo at 7. This conclusion is simply not correct.

Here, unlike *Emerson,* it is the plaintiff's conduct that creates the right to counsel fees. He instituted this law suit and tenaciously pursued it through the trial. Instead of proving his claim, the litigation established his fraudulent behavior. His outright falsehoods destroyed his credibility—so I found as to his testimony at trial; and this was the "conduct of the litigation by the [plaintiff]." *Id.* at 526, 462 N.E.2d 295.

 All this now leads us to the Massachusetts statute, which requires I determine whether Nash's claim was "wholly insubstantial, frivolous and not advanced in good faith." In light of my findings, as reflected in my opinion of June 21, 1990 and the First Circuit Court affirmation, the question must be answered affirmatively. Any plaintiff who coerces a defendant into a fraudulent law suit, with all its concomitant aches and pains, falls within the ambit of the Massachusetts statute. *Miaskiewicz v. Le Tourneau,* 12 Mass.App.Ct. 880, 421 N.E.2d 1236 (1981). *See also* 6 Moore's Federal Practice, par. 54.77[2] at 1709 (the district court "may award attorney's fees in favor of one party and against another, where an unfounded action or defense is brought or maintained in bad faith, vexatiously, wantonly, or for oppressive reasons.").

 Finally, from Nash's brief, one could conclude that a fee award cannot be made in an ERISA case; not so. "Attorney's fees are available under ERISA pursuant to 29 U.S.C. § 1132(g)(1): 'In any action under this subchapter ..., the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.'" *Gray v. New England Tel. and Tel. Co.,* 792 F.2d 251, 257 (1st Cir.1986).

In determining such fee, a five factor standard is applied:

1) the degree of bad faith or culpability of the losing party; 2) the ability of such party to personally satisfy an award of fees; 3) whether such award would deter other persons acting under similar circumstances; 4) the amount of benefit to the action as conferred on the members of the pension plan; and 5) the relative merits of the parties' position.

*Id.* at 257–258. *Lodge v. Shell Oil Co.,* 747 F.2d 16 (1st Cir.1984).

### III.

I find that the defendant, Boston University, is entitled to a fee award. Accordingly, the matter is assigned for an evidentiary hearing on January 28, 1992 at 2:00 p.m. Counsel will be expected to address the five factors recited *supra.*

It is suggested that counsel meet and attempt to agree on an acceptable fee award.

SO ORDERED.