W. DANA BARTLETT & others[1] vs. GREYHOUND REAL ESTATE
FINANCE CO. & another.[2]

No. 95-P-88.

Suffolk. January 17, 1996. - September 12, 1996.

Present: BROWN, KAPLAN, & LAURENCE, JJ.

*Practice, Civil,* Frivolous action, Appeal, Attorney's fees, Findings by
    judge. *Appeals Court,* Appeal from order of single justice. *Statute,*
    Construction. *Words,* "Final."

This court construed G. L. c. 231, § 6G, as amended by St. 1992, c. 133,
    § 561, which states that a decision of a single justice of the Appeals
    Court on a party's appeal from a sanction imposed pursuant to G. L.
    c. 231, § 6F "shall be final," as not precluding appellate review of any
    such matter by a full panel of the Appeals Court. [286-291]
Where a Superior Court judge allowed a motion for sanctions pursuant to
    G. L. c. 231, § 6F, without making the "separate and distinct finding"
    or specifying the computational methodology mandated by that statute,
    the order awarding attorney's fees was vacated and the matter remanded
    for further action. [291-292]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 18, 1994.

A motion to dismiss was heard by *Catherine A. White,* J.,
and a motion, pursuant to G. L. c. 231, § 6F, for sanctions
was heard by *David M. Roseman,* J. The order on the second
motion was reviewed in the Appeals Court by *Kass,* J., pursu-
ant to G. L. c. 231, § 6G.

*Roger S. Davis* for the plaintiffs.

*Robert J. Kerwin* for Greyhound Real Estate Finance Co.

LAURENCE, J. The plaintiffs sued Greyhound Real Estate

---

[1]Charles Colter and Roger S. Davis.

[2]The plaintiffs also named the Commonwealth's Department of
Environmental Protection in their action. The Department obtained a judg-
ment of dismissal of the complaint at the same time as did Greyhound.
This appeal arises from the dismissal as against Greyhound only.

Finance Co., the owner of a marina in Falmouth, in an attempt to frustrate Greyhound's efforts to obtain regulatory approval for pier extensions at its marina. On Greyhound's motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), a Superior Court judge dismissed the complaint because of the plaintiffs' failure to have exhausted their administrative remedies and other procedural defects. After a hearing, another Superior Court judge allowed Greyhound's motion, pursuant to G. L. c. 231, § 6F, for sanctions on account of the plaintiffs' "insubstantial and frivolous claims," awarding Greyhound the full amount of its requested attorney's fees. The second judge, in a handwritten notation in the margin of the motion, indicated that his reasons for the award were the plaintiffs' continued prosecution of their action despite the pendency of administrative proceedings concerning the marina and their legal reliance on a document that was "patently" not what they contended it was. The judge did not, however, make the "separate and distinct finding" or the specification of his computational methodology mandated by G. L. c. 231, § 6F.[3]

The plaintiffs appealed the sanction to a single justice of this court, as authorized by G. L. c. 231, § 6G.[4] The single justice affirmed both the imposition and the amount of the fee

---

[3]General Laws c. 231, § 6F, as inserted by St. 1976, c. 233, § 1, provides in pertinent part, that sanctions in the form of "reasonable counsel fees and other costs" may be imposed on motion of a party, after a hearing, upon the court's determination, made "as a separate and distinct finding, that all or substantially all of the claims . . . were wholly insubstantial, frivolous and not advanced in good faith"; and the court "shall specify in reasonable detail the method by which the amount of the award was computed and the calculation thereof."

[4]At the time of the plaintiffs' appeal, § 6G, as amended by St. 1992, c. 133, § 561, provided (and still provides) as follows: "Any party aggrieved by a decision on a motion pursuant to section six F may appeal as hereinafter provided. If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof. If the matter arises in the appeals court or before a single justice of the supreme judicial court, the appeal shall be to the full bench of the supreme judicial court. The court deciding the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant.

"Any party may file a notice of appeal with the clerk or register of the court hearing the motion within ten days after receiving notice of the decision thereon. *The clerk or register shall then forward the motion, the court's*

award on the basis of the record before the Superior Court judge, despite the absence from the judge's § 6F award of the required finding and specification. Relying primarily on the asserted legal errors represented by those omissions, the plaintiffs appealed to a full panel of this court, purportedly pursuant to the second paragraph of § 6G. At oral argument, the panel inquired whether the 1992 amendment to the second paragraph of § 6G, which provided that the single justice's decision of the § 6F appeal "shall be final," may have divested the panel of jurisdiction to decide the appeal,[5] a question the parties had not addressed.

*findings and award, and any other documents relevant to the appeal to the clerk of the court deciding the appeal who, upon receipt thereof, shall refer the matter to the court for speedy decision and shall notify the parties of such decision, which shall be final.* Any appeal to the supreme judicial court or the appeals court shall proceed according to the Massachusetts Rules of Appellate Procedure; any appeal to a single justice of the Appeals Court shall proceed under the rules for the regulation of practice before a single justice of that court. The payment of any award made pursuant to section six F shall be stayed until the completion of all appeals relating to the civil action in which the award was made." (Emphasis added.)

[5]Prior to the 1992 amendment, and from the date of its promulgation by St. 1976, c. 233, § 1, G. L. c. 231, § 6G, read as follows: "Any party aggrieved by a decision on a motion pursuant to section six F may appeal as hereinafter provided. If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof. If the matter arises in the appeals court or before a single justice of the supreme judicial court, the appeal shall be to the full bench of the supreme judicial court. The court hearing the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant.

"Any party may file a notice of appeal with the clerk or register of the court hearing the motion within ten days after receiving notice of the decision thereon. *The clerk or register shall then forward the motion, the court's findings and award, and any other documents relevant to the appeal to the clerk of the court hearing the appeal who, upon receipt thereof, shall schedule a speedy hearing thereon and send notice thereof to the parties. Any appeal to the supreme judicial court or the appeals court, or to a justice of either court, shall proceed according to the Massachusetts Rules of Appellate Procedure.* Any other appeal filed pursuant to this section shall be heard upon statements of counsel and memoranda submitted by the parties without the taking of further testimony, unless the court hearing the appeal shall find that the taking of further testimony would aid the disposition of the appeal. The payment of any award made pursuant to section six F shall be stayed until the completion of all appeals relating to the civil action in which the award was made." (Emphasis added.)

The parties submitted supplemental presentations on that issue. Those materials were, unfortunately, essentially conclusory arguments that merely reiterated the statutory language favoring their respective positions while overlooking the inconsistent provisions. Neither party could cite to any helpful legislative history[6] of the amendment or any case authority directly in point.

A plausible argument can be constructed for the proposition that amended § 6G should be read to exclude any further appeal to a full panel of this court from a final determination by the single justice of an appeal of a § 6F award. It is accordingly incumbent upon us to address the novel issue of the proper interpretation of the 1992 amendment to G. L. c. 231, § 6G, before addressing the merits, since jurisdictional issues should, except in extraordinary circumstances, be addressed whenever raised. See *Litton Bus. Sys., Inc.* v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981); *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 85 (1979); *Shea* v. *Neponset River Marine & Sportfishing, Inc.*, 14 Mass. App. Ct. 121, 129 (1982). From 1976 until 1992, § 6G said nothing about a decision of the single justice being "final," but only that the single justice hearing the appeal "shall schedule a speedy hearing thereon" and conduct the appeal "according to the Massachusetts Rules of Appellate Procedure." See note 5, *supra*. It was recognized at the time that the provisions of § 6G constituted "a confusing statutory scheme," *Bailey* v. *Shriberg*, 31 Mass. App. Ct. 277, 284 (1991), containing "an anomalous route of appeal," *id.* at 282, as well as other "obscurities." *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 793 (1980). Chief among such obscurities was the question whether the single justice's determination of a § 6G appeal was reviewable by a panel of the Appeals Court, a matter as to which the statute was silent. *Ibid.*

That issue was resolved in *Katz* v. *Savitsky*, where this court construed the original version of the statute to admit of panel review because "there is nothing in § 6G which purports to attribute any measure of finality to an order entered by one of our single justices under that section." 10 Mass. App. Ct. at 794. The court contrasted § 6G in this respect with G. L. c. 261, § 27D, which has always expressly

---

[6]The panel's research has also failed to uncover any relevant legislative history concerning St. 1992, c. 133, § 561.

provided that an Appeals Court single justice's decision on costs for an indigent party "shall be final," in the sense of permitting no further appeal. See *Gos* v. *Brownstein,* 403 Mass. 252, 254 (1988).

With the enactment of St. 1992, c. 133, § 561, the rationale of *Katz* v. *Savitsky* seemed to vanish and with it the underpinning of the justification for full panel review of single justices' § 6G rulings. Finality has, the defendant Greyhound contends, been explicitly accorded the § 6G decision of the single justice. Greyhound ignores, however, the words in the sentence of the second paragraph of amended § 6G that immediately follows "shall be final": "Any appeal to the supreme judicial court or the appeals court shall proceed according to the Massachusetts Rules of Appellate Procedure." Those words, the plaintiffs maintain, must envision continued § 6G appeal to and review by a panel of the Appeals Court.

The 1992 amendment to § 6G plainly injected an ambiguity into the statute with respect to the decision of the single justice. We are obliged to give ambiguous, imprecise, or faultily drafted statutes "a reasonable construction," with the primary goal of "constru[ing] the statute to carry out the legislative intent." *Massachusetts Commn. Against Discrimination* v. *Liberty Mut. Ins. Co.,* 371 Mass. 186, 190 (1976). In doing so, we must "avoid[] a construction which would negate legislative intent or defeat its intended utility." *Milton Commons Assocs.* v. *Board of Appeals of Milton,* 14 Mass. App. Ct. 111, 116-117 (1982). We attempt to ascertain legislative intent first, as we do with all statutes, "from the words used." *Lehan* v. *North Main St. Garage, Inc.,* 312 Mass. 547, 550 (1942). We examine the words used both in the problematic section and in "other parts of the statute." *Commonwealth* v. *Galvin,* 388 Mass. 326, 328 (1983). We give all those words their usual, ordinary, and common meanings. G. L. c. 4, § 6, Third. *Prudential Ins. Co.* v. *Boston,* 369 Mass. 542, 546 (1976). Our objective is to confer upon the "statute . . . as a whole . . . an internal consistency," *Commonwealth* v. *Fall River Motor Sales, Inc.,* 409 Mass. 302, 316 (1991), as well as fidelity to the extracted legislative purpose.

Applying these tools of statutory construction, in the absence of any illuminating legislative history, one might initially conclude that the General Court may well have intended to make the single justice's resolution of the appeal

of a G. L. c. 231, § 6F, sanction "final" in the sense of not being subject to further review. Such is the usual connotation of the word "final," in all of its dictionary meanings: i.e., something that is the last step, the very end result of a process, which is "[n]ot to be changed or reconsidered . . . [and is] unalterable," The American Heritage Dictionary 682 (3d ed. 1992), or "not to be altered or undone." Webster's Third New Intl. Dictionary 851 (1968).[7] The absence of any qualifying language modifying "final" lends support to such a construction. When the Legislature has intended to qualify the nonreviewability of "final" decisions, it has known how to do so explicitly. See, e.g., G. L. c. 58A, § 13 (decision of the appellate tax board "shall be final as to findings of fact"); G. L. c. 65, § 26 (court's acceptance of property appraisal "shall be final except that any party aggrieved by such appraisal shall have an appeal on matters of law"); G. L. c. 71, § 43A (decision of the court "shall be final, except as to matters of law"). Contrast G. L. c. 261, § 27D (decision of an Appeals Court single justice on indigent's appeal of denial of a motion for funds, which the statute says, unqualifiedly, "shall be final," is not reviewable; see *Gos* v. *Brownstein,* 403 Mass. at 254-255).

Further buttressing the nonreviewability position are the statutory command that the single justice's "final" decision must be "speedy" and the structure of § 6G, which seems inconsistent with any further review beyond the "speedy" and "final" decision of the single justice. The Legislature left what might be viewed as a salient clue to its intent in a distinct change made by the 1992 amendment. The original mandate of § 6G, that the single justice hold "a speedy hearing" on an appeal of a § 6F award, was transformed into the requirement that there be a "speedy decision" on such an appeal. Such a telling alteration of the statutory language "bespeaks a clear Legislative intention to expedite" the appellate process. Cf. *Commonwealth* v. *Gove,* 366 Mass. 351, 354, 356 (1974). To permit the delay necessarily attendant upon a second tier

---

[7]These common meanings of the adjective "final" do not include the specialized, alternative meaning of "final" when applied to a judgment of a *trial court* that ends litigation on the merits and becomes at that point appealable. That technical legal meaning has no relevance to the present circumstances. See Black's Law Dictionary 629 (6th ed. 1990) (which also records the usual meaning of "a decision from which no appeal or writ of error can be taken").

of review of a § 6F sanction "would undermine the speedy procedure envisioned by" the present form of § 6G. Cf. *Ford* v. *Braman*, 30 Mass. App. Ct. 968, 970 (1991) (construing G. L. c. 239, § 5, to preclude a second level of review of the denial of a motion to waive a bond in a summary process action, even in the absence of any "finality" language in the statute).

An additional appeal from a single justice's decision might also be seen as a deviation from the apparent statutory design for single-tier appellate review of a § 6F award. The first paragraph of § 6G creates two parallel avenues of appeal: one, to the single justice of the Appeals Court, from § 6F decisions by judges of the Superior, Land, Housing or Probate Court; and the other, to the full bench of the Supreme Judicial Court, from § 6F decisions that "arise[] in the appeals court"[8] or before a single justice of the Supreme Judicial Court. Amended § 6G goes on to provide that, while appeals continue to be de novo, *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 336 (1988) (at the reviewing tribunal's discretion, see *Miaskiewicz* v. *LeTourneau*, 12 Mass. App. Ct. 880, 881-882 [1981]), the outcomes of both tracks are to be both "speedy" and "final." There being no further review from the final decision of the full bench of the Supreme Judicial Court, it arguably perpetuates a procedural "anomaly," *Bailey* v. *Shriberg*, 31 Mass. App. Ct. at 282, to allow a two-tier review for § 6F awards emanating from the Superior, Land, Housing, or Probate Courts when there is only one review of awards imposed by the Appeals Court or a single justice of the Supreme Judicial Court, particularly when the word "final" in the statute points in the opposite direction. Compare *Ford* v. *Braman*, 30 Mass. App. Ct. at 970.[9]

Notwithstanding these valid points in support of the nonre-

---

[8]The explicit differentiation of the Appeals Court single justice from "the appeals court" in G. L. c. 231, §§ 6E and 6G, makes it clear that the "appeals court" here referred to is not the single justice but rather one of the three-judge panels of the court that decides "all matters required to be heard by the Appeals Court." See G. L. c. 211A, §§ 1, 3, 13; Mass.R.A.P. 1(c), 365 Mass. 844-845 (1974).

[9]Even under the original language of § 6G, the decision of the Supreme Judicial Court on appeal of a § 6F award was indisputably final without need for statutory recitation of that fact. Against that background, the 1992 amendment's use of the word "final" might seem to have functional meaning only in application to the decision of the Appeals Court single

viewability by the panel of a single justice's § 6G decision, we are ultimately unpersuaded, because we are unable to ignore the retention in amended § 6G of the original statutory clause "[a]ny appeal to . . . the appeals court shall proceed according to the Massachusetts Rules of Appellate Procedure." The accepted canons of statutory construction — reflecting the fundamental principle of separation of powers expressed in article XXX of our Declaration of Rights — compel us to treat no part of the statute as superfluous or surplusage. Rather, the oft-announced injunction is that "every word of a legislative enactment is to be given force and effect." *Chatham Corp.* v. *State Tax Commn.*, 362 Mass. 216, 219 (1972). While this is not an ineluctable doctrine, see, e.g., *Commonwealth* v. *Apalakis*, 396 Mass. 292, 298 (1985); 2A Singer, Sutherland Statutory Construction § 46.06 (5th ed. 1992); Llewellyn, Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes are to be Construed, 3 Vanderbilt L. Rev. 395, 404 (1950), it is our obligation "[w]herever possible . . . [to] give meaning to each word in the legislation," *International Org. of Masters, Mates & Pilots* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 392 Mass. 811, 813 (1984), "unless no other possible course is open," *Commonwealth* v. *McMenimon*, 295 Mass. 467, 469 (1936), in order to make the entire statute " 'if possible . . . an effectual piece of legislation in harmony with common sense and sound reason.' " *Massachusetts Commn. Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. at 190.

We conclude that the words "appeal to . . . the appeals court" cannot be disregarded as surplusage, because it is possible to give them not merely a functionally meaningful but an institutionally desirable construction. The single justice's decision must, of course, enjoy some measure of finality, else

justice. Investing the single justice's § 6G dispositions with finality would not only produce a consistent statutory structure of single-tier review, but would also further the judicial policy against allowing the determination of counsel fees to proliferate into a series of ancillary litigations. See *Hensley* v. *Eckerhart*, 461 U.S. 424, 437 (1983); *Cooter & Gell* v. *Hartmarx Corp.*, 496 U.S. 384, 408 (1990); *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 544 (1985). Of course, it is highly unlikely that the Legislature, had it actually considered the matter, would have deemed a decision of any sort by an Appeals Court single justice the equivalent in definitiveness to a decision of the full bench of the Supreme Judicial Court.

the word "final" inserted by the 1992 amendment of § 6G would itself be meaningless surplusage, contrary to the principle just discussed. We do not, however, have to determine the full extent of that quality of finality. The instant case presents us only with the question whether the single justice, by adopting the Superior Court judge's § 6F award that failed to address statutory requirements, committed error of law.

It might be reasoned that the finality language of amended § 6G was intended to preclude panel review of legal errors because of the continued availability of G. L. c. 249, § 4. That statute affords relief by way of an action in the nature of certiorari to correct judicial legal errors apparent on the record where a statute provides no other method of review. See *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn.*, 422 Mass. 459, 463-464 (1996). It is a remedy that is available even when a statute provides that the ruling of the court whose decision is sought to be reviewed "shall be final." See *McLaughlin* v. *Mayor of Cambridge*, 253 Mass. 193, 199-200 (1925).

On this very issue, however, *Katz* v. *Savitsky, supra,* retains vitality and points to the continued propriety of panel review for errors of law under revised § 6G. The decision in *Katz* v. *Savitsky* rested not solely on the lack of any indicia of finality in the original version of the statute but, more basically, on "sound principles of judicial administration." 10 Mass. App. Ct. at 795. Construing § 6G to prevent appeal to a panel by those aggrieved by a single justice's order would predictably "lead to a practice under which persistent counsel would take those orders by complaints in the nature of certiorari . . . to the single justices of the Supreme Judicial Court, who could not transfer the cases elsewhere under G. L. c. 211, § 4A, and whose judgments would be subject to still further appeal under G. L. c. 231, § 114. . . . [I]t would hardly serve the purpose for which this court was created for us to throw the orders entered by our single justices under G. L. c. 231, § 6G, into the Supreme Judicial Court." 10 Mass. App. Ct. at 794-795.[10] The same policy concern for sound principles of judicial

[10]See Johnedis, Impact of the Appeals Court on the Supreme Judicial Court, 77 Mass. L. Rev. 146, 146-147, 154 (1992).

administration still applies under the amended § 6G.[11] It dictates the conclusion that a single justice's § 6G order should not be exempt from reviews for error of law by a panel of the Appeals Court, at least to the same extent as certiorari review.

For present purposes we need not go beyond this conclusion and need not consider the finality of a single justice's § 6G decision with respect to findings of fact or discretionary rulings.[12] The instant appeal raises no challenge to either the single justice's findings or the exercise of the single justice's discretion. Rather, it argues manifest errors of law by both the trial judge and the single justice resulting from the omission of the requisite specification in the § 6F order with respect to lack of good faith and fee methodology. Failure "to comply with the explicit directives of c. 231, § 6F, which require that the judge include in his order 'specific facts and reasons' for his findings, as well as 'the method by which the

---

[11]"The Legislature must be assumed to know the preëxisting law and the [relevant] decisions of this court" when a statutory revision is being construed for legislative intent. *Selectmen of Topsfield* v. *State Racing Commn.*, 324 Mass. 309, 313 (1949).

[12]Since, as noted earlier, a single justice's decision under amended § 6G must possess some degree of nonreviewable definitiveness if the word "final" is to have any meaning — which we are bound by the canons of statutory construction to presume — it seems likely that such true finality will reside in a single justice's findings of fact. Cf. *Opinion of the Justices*, 251 Mass. 569, 616 (1925) ("[The proposed statute says] the decree of the Superior Court 'shall be final' . . . . 'Where jurisdiction is given to a court or magistrate by a statute, and there is no provision for an appeal, the decision of the court or magistrate is final' . . . subject [only] to the limited review available by writ of certiorari"); *McLaughlin* v. *Mayor of Cambridge*, 253 Mass. at 199 ("Although the statute provides that 'The decision of the court shall be final and conclusive upon the parties,' and as such [the] decision, so far as it relates to questions of fact, will not be reversed, yet the parties are not deprived of the right to have manifest errors of law corrected by a writ of certiorari"). As to discretionary matters, it should make little practical difference to the outcomes in the vast majority of cases whether single justice decisions are reviewable for abuse of discretion, because of the highly deferential applicable standard of review. The party "who claims an abuse of . . . discretion assumes a heavy burden. . . . On appellate review of a claim of an abuse of discretion . . . '[t]he question is not whether we . . . should have made an opposite decision from that made by the . . . judge. To sustain . . . [the claim] it is necessary to decide that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him.' " *Mazzoleni* v. *Cotton*, 33 Mass. App. Ct. 147, 152-153 (1992) (citations omitted).

amount of the award was computed' . . . in and of itself warrants reversal of the order." *Strand* v. *Herrick & Smith*, 396 Mass. 783, 792 (1986). In particular, an award of attorney's fees under § 6F requires both an evidentiary showing and an explicit judicial finding that the plaintiffs' claims were not advanced in good faith. See *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 336-338 (1988).

The order of the single justice affirming the Superior Court judge's award of attorney's fees to the defendant is accordingly vacated, and the matter is remanded to the Superior Court for further action not inconsistent with this opinion.[13]

*So ordered.*

---

[13]Greyhound's request for double costs pursuant to G. L. c. 211A, § 15, is denied.