ROBERT S. PIRIE vs. FIRST CONGREGATIONAL CHURCH & another.[1] No. 95-P-1137. August 6, 1997. *Appeals Court,* Appeal from order of single justice. *Practice, Civil,* Frivolous action, Appeal, Findings by judge.

After the First Congregational Church acquired realty adjoining its property in Hamilton, the plaintiff brought an action in the Superior Court on September 26, 1990, to enjoin the Church from demolishing a fence of claimed historic value located on the acquired property. Approximately two days before the date scheduled for a hearing on the plaintiff's request for a preliminary injunc-

---

[1]City of Chicopee.

[1]Emery Morse who is joined in this action as "an agent acting on behalf of the Church." Accordingly, the defendants are collectively referred to herein as the First Congregational Church or "the Church."

tion, members of the Church dismantled the fence. On October 1, 1990, the parties, in place of a preliminary injunction, entered into a stipulation which was adopted by the court, and by which the Church essentially agreed to preserve the dismantled pieces of the fence "for possible reassembly in the future." It also agreed to mark, and not disturb, the ground where the fence had stood "until determination of this suit." Approximately one year later, summary judgment was entered against the plaintiff, dismissing his complaint, a result which he did not appeal. Some fourteen months later, in December, 1992, the church destroyed or discarded the remaining pieces of the fence.

In December, 1993, the plaintiff brought a complaint against the Church claiming that the disposal of the fence approximately a year earlier constituted a civil contempt of the stipulation and order which had been entered in the earlier action. Acting on the Church's motions, a judge of the Superior Court dismissed the contempt complaint and awarded counsel fees and costs to the Church, pursuant to G. L. c. 231, § 6F,[2] in the amount of $13,737.50. In a written decision entered after a hearing, the judge concluded that the plaintiff's original complaint did not present a novel question of law and that the plaintiff's contempt complaint was "wholly insubstantial and frivolous," given the dismissal of the plaintiff's original complaint and the attendant dissolution of the stipulation and order of October 1, 1990. Noting that the plaintiff was represented by counsel throughout and is himself an attorney, the judge concluded that the plaintiff "harbored ill will against the defendants and publicly voiced his willingness to use the legal process to overpower the defendants' financial resources" and that his claims were not made in good faith. The plaintiff sought review of the order assessing counsel fees before a single justice of this court pursuant to G. L. c. 231, § 6G, as amended by St. 1992, c. 133, § 561. He now appeals from the order of the single justice which "affirm[ed]" the findings of fact and rulings of law entered in the Superior Court.

We treat the single justice's order as incorporating the findings of fact of the Superior Court judge and accord finality to them. See G. L. c. 231, § 6G, as amended by St. 1992, c. 133, § 561, to the effect that the "decision" of the single justice "shall be final." *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. 282, 291 & n.12 (1996). We, therefore, limit our review of the single justice's order to any alleged error of law or abuse of discretion. See *id.* at 291 n.12.

---

[2]General Laws c. 231, § 6F, as inserted by St. 1976, c. 233, § 1, states in pertinent part: "Upon motion of any party in any civil action in which a . . . judgment has been made by a judge or . . . by a jury, . . . the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, . . . whether of a factual, legal or mixed nature, made by any party who was represented by counsel . . . , were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.

"If such a finding is made . . . , the court shall award to each party against whom such claims were asserted . . . reasonable counsel fees and other costs and expenses incurred in defending against such claims. . . .

" . . .

"No finding shall be made that any claim . . . was wholly insubstantial, frivolous and not advanced in good faith solely because a novel or unusual argument or principle of law was advanced in support thereof."

The plaintiff alleges two errors of law. First, he claims that the judge erred in finding that he harbored ill will against the Church without permitting him to give testimony or to cross-examine the authors of affidavits submitted by the Church. The record indicates that the judge allowed the Church's motion to dismiss the plaintiff's contempt complaint on December 20, 1993, in an order which also allowed the Church to request a hearing pursuant to G. L. c. 231, § 6F, "to determine appropriate sanctions." The briefs reveal that such a hearing was held in March of 1994, and that the written decision of the judge awarding counsel fees was entered on June 16, 1994. Putting aside the question of whether a party in a § 6F proceeding is entitled to a full evidentiary hearing, there is no indication in the record that the plaintiff sought to examine any person or to give testimony in his own behalf. Accordingly, we determine that there was no error in the conduct of the hearing.

The second ground of appeal is that the § 6F award was improper since neither the original nor the contempt action met the statutory requirement of being "wholly insubstantial, frivolous and not advanced in good faith." Because the judge addressed each action individually and indicated that the fees and costs awarded by him were based on the Church's costs in defending against both the original complaint and the contempt complaint, we review each complaint separately.

Other than noting that the original complaint did not present a novel issue, and that the plaintiff did not appeal from the summary judgment in the Church's favor, the judge made no findings as to the complaint's substantiality. While it is arguable that the judge would not have addressed the question of novelty without first finding that the plaintiff's original action was insubstantial and not advanced in good faith, such an imputed finding cannot take the place of "the explicit directives of c. 231, § 6F, which require that the judge include in his order 'specific facts and reasons' for his findings." *Bartlett* v. *Greyhound Real Estate Fin. Co., supra* at 291, quoting from *Strand* v. *Herrick & Smith*, 396 Mass. 783, 792 (1986). The failure of the judge to make express findings that the original action was wholly insubstantial and frivolous and to express his rationale for that conclusion in and of itself warrants reversal of so much of the award of fees and costs as is attributable to the Church's defense against the original complaint.[3]

The plaintiff's contempt complaint stands on different footing. As the judge expressly found, it was without merit and wholly insubstantial and frivolous.

---

[3]Even if we were to accord "a de novo review" to the matter, see *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 336 (1988) (decided under G. L. c. 231, § 6G, prior to its amendment in 1992), we would not conclude that the original complaint was wholly insubstantial and frivolous. It was brought in the context of a 1990 unanimous vote of the Hamilton town meeting to amend its by-laws to place fences within the purview of the Hamilton Historic District Commission. That by-law did not become effective because of a technical failure of the town properly to certify its vote to the Attorney General. Alleging that the Attorney General's office had indicated that it would approve the by-law upon submission of proof of its unanimous passage and that the Church recently had obtained a permit from the Hamilton building inspector to tear down the fence, the plaintiff essentially sought to preserve the status quo pending a determination of the retroactive effect, if any, of the by-law. While we doubt the validity of the plaintiff's retroactivity argument, we cannot say the law with respect to it is so well settled as to render it wholly insubstantial and frivolous as of the time it was brought, notwithstanding the plaintiff's motive in bringing it.

It relied on a stipulation whose existence was terminated by the dismissal of the action in which it was entered. There is no indication in the wording of the stipulation that it was intended to survive such dismissal. The stipulation, functioning essentially as a preliminary injunction, remained in effect only until a final judgment was rendered. See *Stathopoulos* v. *Reeksting,* 252 Mass. 542, 544 (1925); *In the Matter of McKnight,* 406 Mass. 787, 792 n.4 (1990). Similarly, the validity of the judge's finding that the plaintiff's actions were not made in good faith is supported in the record and readily may be inferred from the facts found. See *Hahn* v. *Planning Bd. of Stoughton, supra* at 336-337; *Massachusetts Adventura Travel, Inc.* v. *Mason,* 27 Mass. App. Ct. 293, 299 (1989). The record includes an affidavit that "generally and not verbatim" attributes to the plaintiff the following statements, made while the original complaint was pending: "You will probably ultimately get to do what you want, but I'm warning you, I will take you through every legal process and deplete your resources in the process. Then you won't be able to afford what you want to do," and "I will spend every nickel I have in opposing you, and I have a lot of nickels." Nothing in the record indicates a disavowal or denial of that statement and it, alone, is sufficient to establish the requisite absence of good faith in later advancing the contempt complaint.

Accordingly, so much of the judgment as awards fees, costs and expenses related to the Church's defense against the complaint for contempt is affirmed; that portion of the judgment relating to the Church's defense against the original complaint for injunctive relief is vacated. The specific accounting of fees and costs submitted by the Church's attorneys and accepted and relied upon by the judge in his award pursuant to G. L. c. 231, § 6F, shall govern the allocation of the award ordered by this decision. That allocation shall be determined and entered as an amended judgment in the Superior Court.

*So ordered.*

*Philip Y. Brown* for the plaintiff.
*Kevin M. Dalton* for the defendants.