van Gestel, J.
This matter is before the Court on the defendants’ motion for reconsideration of the denial of their motion for relief under G.L.c. 231, Sec. 6F. The Court is asked to reconsider its July 20, 1998, denial of the original motion seeking attorneys fees and costs. The denial was predicated on the Court’s inability to determine the “specific facts and reasons” to support the relief sought and to recite the “method by which the amount [should be] calculated.” Bartlett v. Greyhound Real Estate Finance Co., 41 Mass.App.Ct. 282, 291-92 (1996).
In their request for reconsideration, the defendants have provided significant assistance on the second issue — calculating the amount but the first — the reasons to support the relief — remains problematical.
There is no question but that Judge Fabricant, in a careful and detailed memorandum, found each count of the plaintiffs amended complaint legally insuffi *137 cient to withstand a motion for summary judgment. Indeed, with regard to most of the counts, Judge Fabricant observed that the plaintiff utterly failed to even proffer an opposition.
Judge Fabricant’s decision notwithstanding, this Court must still assess the amended complaint to determine whether “all or substantially all of the claims . .. were wholly insubstantial, frivolous and not advanced in good faith.”
A review of the amended complaint exposes the inartful handiwork of a lawyer not well-schooled in the craft of drafting notice pleadings. But the essence of a claim of some substance can nevertheless be found. The plaintiff, a minority shareholder of a closely-held corporation, challenged the sale by the majority shareholders of essentially all of the assets of the corporation for $3,050,000. The plaintiff alleges that he had an “expert” who opined that the assets sold had a market value of $10,500,000, and should have been sold for $10,000,000 to $12,000,000.
Judge Fabricant observed that the plaintiffs expert’s qualifications were sufficient such that ”[i]f this case involved merely a dispute over value, the plaintiff would be entitled to put the issue before a fact finder, who could evaluate the relative credibility of competing expert opinions, and reach a conclusion.” (Memo, of Dec., p. 15.) In short, the plaintiff had some evidence of a disproportionate value between what the assets were sold for and what they might have been found to be worth. Where the amended complaint foundered was on the sharp rocks of the business judgment rule.
Judge Fabricant concluded that the plaintiffs evidence was insufficient to “demonstrate not just that the defendants were wrong, but that they were so grossly wrong that no reasonable business person, acting in good faith and in their position under the circumstances presented, could have made the decision they did.” (Memo. of Dec. pp. 15-16.) Correct though her judgment may be, it does not enable this Court to point to specific facts and reasons demonstrating that substantially all of the plaintiffs claims were wholly insubstantial, frivolous and not advanced in good faith. See, e.g., Datacomm Interface, Inc. v. Computerworld, Inc.; Adelson, 396 Mass. 760, 780-82 (1986).
For the reasons stated, the motion for reconsideration is DENIED.